UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Priorities USA, Rise, Inc., and the
Detroit/Downriver Chapter of the A.
Philip Randolph Institute,

Plaintiffs,

v.

Dana Nessel, in her official capacity as
Attorney General of the State of
Michigan,

Defendant.

NO. 19-13341

JUDGE STEPHANIE DAWKINS
DAVIS

MAGISTRATE R. STEVEN
WHALEN

**MOTION TO INTERVENE BY
THE MICHIGAN
REPUBLICAN PARTY AND
THE REPUBLICAN
NATIONAL COMMITTEE**

_____/

## MOTION TO INTERVENE BY THE MICHIGAN REPUBLICAN PARTY AND THE REPUBLICAN NATIONAL COMMITTEE

Pursuant to Federal Rule Civil Procedure 24, and for the reasons described in the accompanying Brief in Support of Motion to Intervene, the Michigan Republican Party ("MRP") and the Republican National Committee ("RNC") (collectively the "Applicants") move for leave to intervene as party defendants, and state that:

The Applicants have filed this Motion in a timely manner as required by Rule 24(a) and (b). The Applicants are entitled to intervene as a matter of right under Rule 24(a) because:

   a. The Applicants have substantial and unique interests in the subject matter of this litigation;

b. The Applicants are so situated that the disposition of this action by this Court may as a practical matter impair or impede their ability to protect their substantial and unique interests;

c. The Applicants have substantial interests in the subject matter of this litigation because their voters, members, and the candidates that they have supported will be affected by the outcome of this litigation;

d. Specifically, the Applicants have competitive interests in defending the constitutional election laws in Michigan in order to preserve a fair playing field and prevent change to Michigan's competitive environment in the upcoming 2020 elections; and

e. Applicants' interests are not adequately represented by the existing parties to this suit.

In the alternative, the Applicants should be permitted to intervene in this action under Rule 24(b) because:

f. Their claims and defenses to this action have questions of law and fact that are common to the original action; and

g. Allowing the Applicants to intervene will not unduly delay the pending action or prejudice the rights of the parties in this action.

The Applicants have attached a pleading setting forth their claims or defenses for which intervention is sought pursuant to Rule 24(c).

The Applicants further seek the Court's permission to respond to Defendant Dana Nessel's Motion to Dismiss the Amended Complaint. (R. 27).

As required by Local Rule 7.1(a), undersigned has conferred with counsel for the existing parties concerning the nature of this Motion and its legal basis, and counsel for both parties denied concurrence.

WHEREFORE, the Applicants respectfully request that this Court grant their

motion for leave to intervene in the above-titled matter.

**BUTZEL LONG, PC**

By: /s/ Kurtis T. Wilder
Kurtis T. Wilder (P37017)
Steven R. Eatherly (P81180)
150 W. Jefferson, Suite 150
Detroit, Michigan  48226
(313) 225-7000
wilder@butzel.com
eatherly@butzel.com

DATED:  February 19, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Priorities USA, Rise, Inc., and the
Detroit/Downriver Chapter of the A.
Philip Randolph Institute,

        Plaintiffs,

v.

Dana Nessel, in her official capacity as
Attorney General of the State of
Michigan,

        Defendant.

NO. 19-13341

JUDGE STEPHANIE DAWKINS
DAVIS

MAGISTRATE R. STEVEN
WHALEN

**BRIEF IN SUPPORT OF
MOTION TO INTERVENE BY
THE MICHIGAN
REPUBLICAN PARTY AND
THE REPUBLICAN
NATIONAL COMMITTEE**

                                   /

## BRIEF IN SUPPORT OF MOTION TO INTERVENE BY THE MICHIGAN REPUBLICAN PARTY AND THE REPUBLICAN NATIONAL COMMITTEE

Pursuant to Federal Rule Civil Procedure 24, the Michigan Republican Party ("MRP") and the Republican National Committee ("RNC") (collectively the "Applicants"), move for leave to intervene as party defendants in this case.

**BUTZEL LONG, PC**

By: /s/ Kurtis T. Wilder
Kurtis T. Wilder (P37017)
Steven R. Eatherly (P81180)
150 W. Jefferson, Suite 150
Detroit, Michigan  48226
(313) 225-7000
wilder@butzel.com
eatherly@butzel.com

## CONCISE STATEMENT OF THE ISSUE PRESENTED

I.   Whether this Court should grant the Applicants' Motion to Intervene as a matter of right pursuant to Rule 24(a)(2), or in the alternative, by permissive intervention under Rule 24(b).

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**
     League of Women Voters of Mich. v. Johnson, 902 F.3d 572 (6th Cir. 2018)
     Southerland v. Fritz, 955 F. Supp. 760 (E.D. Mich. 1996)\
     Heitmanis v. Austin, 677 F. Supp. 1347 (E.D. Mich. 1988)
     Purnell v. City of Akron, 925 F.2d 941 (6th Cir. 1991)
     Shays v. FEC, 414 F.3d 76 (D.C. Cir. 2005)
     Nader v. FEC, 725 F.3d 226 (D.C. Cir. 2013)
     Utah Ass'n of Counties v. Clinton, 255 F.3d 1246 (10th Cir. 2001)
     Libertarian Party of Mich. v. Johnson, No. 12-CV-12782, 2012 U.S. Dist. LEXIS 126096
(E.D. Mich. Sept. 5, 2012)

**Statutes**
52 U.S.C. § 30101 ................................................................................................................. 2
**Rules**
Fed. R. Civ. P. 24(a)-(b) ..................................................................................................... 5
Fed. R. Civ. P. 24(b)(3).......................................................................................................... 17

# **TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUE PRESENTED .................................................. i

CONTROLLING OR MOST APPROPRIATE AUTHORITY ......................................... ii

INDEX OF AUTHORITIES.................................................................................. iv

INTRODUCTION ............................................................................................. 1

BACKGROUND .............................................................................................. 1
    I.    The Applicants ................................................................................ 2
    II.   Procedural History ........................................................................... 2

ARGUMENT.................................................................................................. 4
    I.    The Applicants are entitled to intervene as a matter of right. ................. 4
        A.    The Applicants' Motion has been timely filed. ........................... 5
        B.    The Applicants' substantial legal interests will be impaired
        without intervention. ..................................................................... 8
        C.    Defendant will not adequately protect the Applicants'
        interests. ....................................................................................... 11
    II.   In the alternative, the Court should grant permissive intervention. ........ 16

CONCLUSION.............................................................................................. 18

# INDEX OF AUTHORITIES

**Cases**

*455 Cos., LLC v. Landmark Am. Ins. Co.*, No. 16-CV-10034, 2016 U.S. Dist. LEXIS 132047, at *5-6 (E.D. Mich. Sept. 27, 2016)..................................................................... 8

*Am. Bev. Ass'n v. Snyder*, No. 1:11-CV-195, 2011 U.S. Dist. LEXIS 160024, at *7 (W.D. Mich. Apr. 26, 2011)........................................................................................ 7

*Assoc. Gen. Contr. Of Ohio, Inc. v. Drabik*, 214 F.3d 730, 734 (6th Cir. 2000)........................ 20

*Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) ........................................... 5, 6

*Buck v. Gordon*, No. 1:19-cv-286 (W.D. Mich) ......................................................... 17

*Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999)...................................... 15, 16

*Coal to Defend Affirmative Action v. Granholm*, 240 F.R.D. 368, 375 (E.D. Mich. 2006) ......... 10

*Coal. of Ariz./New Mex. Counties for Stable Economic Growth v. DOI*, 100 F.3d 837, 845 (10th Cir. 1996)........................................................................................ 15

*Dumont v. Lyon*, No. 2:17-cv-13080 (E.D. Mich. 2019) ............................................. 17

*Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999)......................................... 10, 13

*Heitmanis v. Austin*, 677 F. Supp. 1347, 1349 (E.D. Mich. 1988) ................................... 11

*In re Sierra Club*, 945 F.2d 776, 779-80 (4th Cir. 1991)............................................. 16

*Jansen v. Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)............................................. 5

*Libertarian Party of Mich. v. Johnson*, No. 12-CV-12782, 2012 U.S. Dist. LEXIS 126096 (E.D. Mich. Sept. 5, 2012)................................................................................ 10

*Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 2012 U.S. Dist. LEXIS 63725, at *11 (E.D. Mich. May 7, 2012).............................................................................. 8

*Meek v. Metro. Dade Cnty.*, 985 F.2d 1471, 1478 (11th Cir. 1993)................................... 15

*Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)............................. 8, 10

*N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006).................. 10

*NAACP v. New York*, 413 U.S. 345, 366-69 (1973) ..................................................... 6

*Nader v. FEC*, 725 F.3d 226, 228-29 (D.C. Cir. 2013) ............................................... 12

*Parkwest Dev., LLC v. Ellahi*, No. 18-CV-0385, 2018 U.S. Dist. LEXIS 128988, at *3 (E.D. Mich. Aug. 1, 2018)................................................................................ 8

*Priorities USA v. Nessel*, No. 4:20-cv-10211 ....................................................... 2, 3

*Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991) ...................................... 1, 5

*Shays v. FEC*, 414 F.3d 76, 85 (D.C. Cir. 2005) ..................................................... 12

*Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996) .......................................... 16

*Southerland v. Fritz*, 955 F. Supp. 760, 760 (E.D. Mich. 1996)...................................... 11

*Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 582 (6th Cir. 1982) ................................... 19

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000)........................................ 6

*The Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, No. 10-cv-14360, 2016 WL 4475011 at *5 (E.D. Mich. Aug. 25, 2016)......................................................................... 7

*Trbovich v. United Mine Workers of America*, 404 US 528, 538 n.10 (1972) ............................ 13

*United States v. Mich.*, 424 F.3d 438, 443 (6th Cir. 2005) ........................................... 13

*Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1255-56 (10th Cir. 2001) ......................... 14

## INTRODUCTION

Federal courts broadly construe the rules governing intervention "in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). The issue in this case is whether two long-standing Michigan election laws are unconstitutional, specifically Mich. Comp. Laws ("MCL") 168.931(1)(f) (the "Paid Driver Ban") and MCL 168.759(4), (5), (8) (the "Absent Ballot Application Harvesting Ban").[1] MRP and RNC respectfully move this Court for leave to intervene as of right under Rule 24(a)(2), or in the alternative, permissively under Rule 24(b)(1). Because a decision from this Court could potentially harm MRP and RNC's substantial interest in preventing change to Michigan's competitive electoral environment and their participation in this case will not prejudice the parties, this Court should grant the motion to intervene.

## BACKGROUND

---

[1] In contrast with Plaintiffs' preferred nomenclature, Applicants argue that the terminology proposed here and used throughout this Brief is consistent with the challenged statutes' text and effect, and reflects the State's interests in preserving both the integrity of the conduct of elections and the absent voter ballot application process. The interests served by these Election Laws is particularly poignant in light of recent allegations of abuse of the absent ballot process in Michigan. *See, e.g.,* Christine Ferretti, Southfield city clerk charged with 6 felonies tied to November election, (Sept. 23, 2019), https://www.detroitnews.com/story/news/local/oakland-county/2019/09/23/southfield-city-clerk-charged-six-felonies-november-2018-election.

1

## I.   The Applicants

The Applicants are political committees that assist their Republican members achieve electoral victories in Michigan. MRP is a "major political party" as that term is defined in the Michigan Election Law. *See* MCL 168.16. MRP is formed for the general purposes of promoting Republican values and assisting candidates who share those values with election or appointment to partisan federal, state, and local office. MRP moves to intervene in this action on behalf of itself and its members.

The RNC is a national committee as defined by 52 U.S.C. § 30101. The RNC manages the Republican Party's business at the national level, supports Republican candidates for public office at the local, state, and federal levels (including those on the ballot in Michigan) and state parties (including MRP), coordinates fundraising and election strategy, and develops and promotes the national Republican platform. The RNC and MRP will spend several million dollars to help elect candidates up and down the ballot in Michigan in the 2020 General Election.

## II.   Procedural History

The present action remains in its infancy. On November 12, 2019, original Plaintiff Priorities USA ("Priorities" or "Original Plaintiff") filed its Complaint against Defendant Dana Nessel, in her official capacity as Michigan Attorney General, alleging that the Paid Driver Ban and the Absent Ballot Application Harvesting Ban are unconstitutional. (R. 1).

2

In lieu of filing an answer, Defendant moved to dismiss for lack of standing and failure to state a claim upon which relief could be granted on December 20, 2019. (R. 10). Declining to rule on the merits, this Court invited Plaintiff to file an amended complaint within 21 days of Defendant's motion to dismiss or to otherwise respond in accordance with court rules. (R. 13).

On January 27, 2020, in an attempt to cure its lack of standing, the Original Plaintiff filed an Amended Complaint adding new Plaintiffs Rise, Inc. ("Rise") and the Detroit/Downriver Chapter of the A. Philip Randolph Institute Detroit/Downriver Chapter ("DAPRI") (collectively, "Plaintiffs"), and adding four new legal claims. (R. 17). On the same day, Plaintiffs filed a separate action against Defendant which was identical in substance to the Amended Complaint. See *Priorities USA v. Nessel*, No. 4:20-cv-10211 ("*Priorities II*"). Plaintiffs then immediately moved to consolidate the present case and *Priorities II*. (R. 20). The Court administratively closed *Priorities II* on February 14, 2020. No. 4:20-cv-10211, (E.D. Mich), ECF No. 13.

On January 28, 2020, Plaintiffs moved for a preliminary and permanent injunction. (R. 22). On the same day, Plaintiffs moved for an order (1) expediting consideration of their motion seeking an injunction, (2) compelling expedited compliance with Plaintiff's discovery requests, and (3) consolidating the hearing on Plaintiffs' motion for an injunction with the trial on the merits. (R. 23). Defendant

3

responded to Plaintiffs' motion to expedite, arguing that Plaintiffs' request for an order directing Defendant to comply with expedited discovery should be denied because the "discovery requests" are misdirected and overbroad, and an expedited schedule consolidating the hearing on preliminary injunction with a trial on the merits is unnecessary. (R. 24, PageID #4; 8).

On February 10, 2020, Defendant filed a renewed motion to dismiss the Amended Complaint. (R. 27). The next day, this Court ordered Plaintiffs to respond to Defendant's motion to dismiss by February 24, 2020, and Defendant to file her reply brief by February 28, 2020. (R. 29). This Court further denied without prejudice Plaintiffs' motion to expedite. (*Id.*).

Now, the Applicants, through this Motion, timely move to intervene as party defendants in this action.

## ARGUMENT

### I.     The Applicants are entitled to intervene as a matter of right.

Federal Rule Civil Procedure 24(a)(2) provides that the "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Generally, "a person cannot be deprived of his or her legal rights in a proceeding to which such a person

4

is neither a party nor summoned to appear in the legal proceeding." *Jansen v. Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). Therefore, "the need to settle claims among a disparate group of affected persons militates in favor of intervention." *Id.*

The Sixth Circuit has held that Rule 24(a)'s requirements are satisfied if: (1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest. *See Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). Each of these elements must be satisfied, but Rule 24 should be "broadly construed in favor of potential intervenors." *Purnell*, 925 F.2d at 950. The Applicants satisfy all four elements necessary for intervention as of right under Rule 24(a).

## A. The Applicants' Motion has been timely filed.

Rule 24 requires that a party timely move for intervention whether by right or permission. Fed. R. Civ. P. 24(a)-(b); *see also NAACP v. New York*, 413 U.S. 345, 366-69 (1973). The Sixth Circuit has set forth five factors for a trial court judge to utilize when determining whether a motion for intervention is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. [*Blount-Hill*, 636 F.3d at 284.]

No above factor is dispositive, but the "determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000). "The absolute measure of time between the filing of the complaint and the motion to intervene is one of the least important of these circumstances." *Id*. at 475.

The Applicants' Motion meets all five factors for timeliness. With regard to the first and third factors, the proceeding is currently in its infancy. Plaintiffs filed their Amended Complaint, adding Plaintiffs RISE and DAPRI and four new legal claims, on January 27, 2020, only 23 days before Applicants filed this Motion. (R. 17). Plaintiffs moved for a preliminary injunction and expedited hearing in this case on January 28, 2020 (R. 22; R. 23); Defendant moved to dismiss the Amended Complaint on February 10, 2020, (R. 27); and briefing will not be completed on Defendant's renewed motion to dismiss until February 28, 2020 (R. 29), 9 days from now.

The second factor weighs in favor of timeliness, as Applicants seek only to ensure that their legal interests are adequately represented in this matter from its early stages and do not seek to cause any delay or reopen settled issues. *Cf. The Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, No. 10-cv-14360, 2016 WL 4475011 at *5 (E.D. Mich. Aug. 25, 2016) (finding that this factor did not weigh in favor of timeliness when applicants were class members who wanted to reopen and

6

relitigate issues in years-old sealed filings despite their prior opportunity to participate in a class-action settlement fairness hearing).

The lack of prejudice to the original parties likewise weighs in favor of timeliness. Defendant has yet to file an answer and filed her renewed motion to dismiss only 9 days ago. (R. 27). Federal courts in Michigan have repeatedly held that motions to intervene are timely if, as here, they are submitted around the time an answer is filed. *Am. Bev. Ass'n v. Snyder*, No. 1:11-CV-195, 2011 U.S. Dist. LEXIS 160024, at *7 (W.D. Mich. Apr. 26, 2011) (holding that motion to intervene filed one day after the defendant filed its Answer was timely (citing *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)); *see also Parkwest Dev., LLC v. Ellahi*, No. 18-CV-0385, 2018 U.S. Dist. LEXIS 128988, at *3 (E.D. Mich. Aug. 1, 2018) (holding that a motion to intervene filed one month after the defendant submitted its answer was timely). Likewise, the fact that this Court has not yet entered a scheduling order for this case or held a Rule 26(f) conference are further important considerations confirming this motion's timeliness. *See Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 2012 U.S. Dist. LEXIS 63725, at *11 (E.D. Mich. May 7, 2012) (holding that a motion to intervene was timely because the court had not yet issued a scheduling order); *455 Cos., LLC v. Landmark Am. Ins. Co.*, No. 16-CV-10034, 2016 U.S. Dist. LEXIS 132047, at *5-6 (E.D. Mich.

7

Sept. 27, 2016) (holding that a motion to intervene filed shortly after the court entered a scheduling order was timely).

Moreover, discovery in this matter has yet to begin, and this Court has not ruled on the substantive merits of Defendant's motion to dismiss the Amended Complaint. (R. 29). Consequently, the parties will suffer no prejudice in the event this Court allows intervention. To the contrary, permitting Applicants to intervene at this point will enable them to assert their defenses without any delay or prejudice to the litigation.

Finally, to the degree that there are unusual circumstances here, they weigh in favor of timeliness. This case involves fundamental aspects of electoral democracy, a fact that weighs in favor of permitting intervention by Applicants. The Applicants have a strong interest in ensuring the legitimacy of the 2020 General Election, preventing even the appearance of partisan considerations in the decision making by the elected officials charged with enforcing and defending Michigan's election laws, and protecting the rights of Applicants' members as candidates and voters by ensuring that the general election is conducted in compliance with the U.S and Michigan Constitutions and Michigan's validly passed election laws. For all these reasons, the Applicants' Motion is timely.

**B. The Applicants' substantial legal interests will be impaired without intervention.**

The Applicants have substantial legal interests in this action. Demonstrating the existence of such an interest "is not an onerous task." *Coal to Defend Affirmative Action v. Granholm*, 240 F.R.D. 368, 375 (E.D. Mich. 2006). The Sixth Circuit has recognized a "rather expansive notion of the interest sufficient to invoke intervention of right." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). "For example, an intervenor need not have the same standing necessary to initiate a lawsuit." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999). Moreover, a putative intervenor is only required to show that it is "possible" that denial of intervention would impair its interests. *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). "This burden is minimal." *Id.*

This Court has traditionally allowed the major political parties of this state and those with interests in the outcome of an election to intervene in litigation regarding elections and election procedures. In *Libertarian Party of Mich. v. Johnson*, No. 12-CV-12782, 2012 U.S. Dist. LEXIS 126096 (E.D. Mich. Sept. 5, 2012), the Libertarian Party of Michigan challenged the constitutionality of the state's "sore loser" law, which prohibited a person who had unsuccessfully sought a major party's nomination from being nominated by another party. The district court allowed the Michigan Republican Party to intervene in defense of the statute, holding that it had a "substantial legal interest" in the enforcement of the challenged law. *Libertarian Party of Mich.*, 2012 U.S. Dist. LEXIS 126096 at *4; *see also*,

*Southerland v. Fritz*, 955 F. Supp. 760, 760 (E.D. Mich. 1996) (implicitly recognizing that the MRP had been properly permitted to intervene to oppose the issuance of a temporary restraining order that would compel polling places to be held open in violation of state law); *Heitmanis v. Austin*, 677 F. Supp. 1347, 1349 (E.D. Mich. 1988) (implicitly recognizing that the Michigan Republican State Central Committee had been properly permitted to intervene in a constitutional challenge to a state law concerning delegates to party conventions), *rev'd on other grounds*, 899 F.2d 621 (6th Cir. 1990). Here, the MRP has a substantial and distinct interest in the continued enforcement of the state laws governing paid transportation of voters and absent ballot application harvesting.

The interests of the MRP and RNC in this litigation are distinct from those of Michigan's citizenry at large or Defendant Attorney General. Applicants contend that the Paid Driver Ban and Absent Ballot Application Harvesting Ban are constitutionally valid statutes that the legislature has enacted to help structure and ensure the integrity of the electoral environment. The MRP and RNC—on behalf of their candidates, their voters, and their own institutional interests—have a substantial interest in preventing change to the "structur[e] of this competitive environment." *Shays v. FEC*, 414 F.3d 76, 85 (D.C. Cir. 2005). If Plaintiffs prevail and enforcement of the statutes is enjoined, the MRP, RNC, and their candidates will face "a broader range of competitive tactics than [state] law would otherwise allow." *Id.* at 86. An

10

injunction in favor of Plaintiffs would "fundamentally alter the environment in which [they] defend their concrete interests (e.g. . . . winning reelection)." *Id.*; *see also id.* at 87 (holding that political candidates have a legally cognizable interest in preventing electoral "competition [becoming] intensified by [statutorily]-banned practices"). In short, because the MRP's and RNC's candidates "actively seek [election or] reelection in contests governed by the challenged rules," they have an interest in "demand[ing] adherence" to those requirements. *Id.* at 88; *see also Nader v. FEC,* 725 F.3d 226, 228-29 (D.C. Cir. 2013).

Accordingly, this Court should allow Applicants to intervene to prevent impairment of their substantial interests in the structure of the electoral environment and enforcement of the laws protecting it.

### C. Defendant will not adequately protect the Applicants' interests.

The Applicants' substantial interests may not be adequately protected by Defendant in this action. The burden to prove inadequacy of representation "should be treated as minimal[,]" *Trbovich v. United Mine Workers of America*, 404 US 528, 538 n.10 (1972), because "it need only be shown that 'there is a *potential* for inadequate representation.'" *United States v. Mich.*, 424 F.3d 438, 443 (6th Cir. 2005) (emphasis in original), quoting *Grutter*, 188 F.3d at 400.

In this case, neither party adequately represents the Applicants' interests. Although the Applicants may seek the same *outcome* as Defendant, Rule 24 protects

a proposed intervenor's specific *interests* in the action. In *Johnson*, 2012 U.S. Dist. LEXIS 126096, at *3, the Eastern District allowed the MRP to intervene to defend the constitutionality of the state's sore loser statute in part because it concluded that the "Secretary of State does not have an interest in raising and defending the distinct interests of the [MRP] in the enforcement of the Michigan sore loser statute to preclude Gary Johnson's inclusion on the November 6, 2012 ballot." Similarly, in *League of Women Voters of Mich v. Johnson*, the Sixth Circuit recognized that Republican congressmen from Michigan had "interests that differ from those of [the Secretary of State] and the citizens of Michigan" in a challenge to Michigan's congressional districting map.[2] 902 F.3d 572, 579-80 (6th Cir. 2018). Here, Defendant's generalized interests in enforcing the law are distinct from the MRP's and RNC's particularized and distinct interests in ensuring that their candidates receive the protections the state legislature adopted through the Paid Driver Ban and Absent Ballot Application Harvesting Ban. In particular, candidates should not face the risk that absent ballot applications submitted in their races will be destroyed, manipulated, or otherwise fraudulently altered by unknown actors.

---

[2] The Sixth Circuit's analysis in *League of Women Voters of Mich.* addressed the closely related question of permissive intervention pursuant to Rule 24(b), but its analysis with regards to the unique interests of candidates and political parties applies with equal force in the context of intervention of right pursuant to Rule 24(a).

Moreover, courts repeatedly have held that the government's interest in defending a challenged statute is categorically distinct from that of private parties who seek to do so. *See Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1255-56 (10th Cir. 2001) ("[T]he government's representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a particular member of the public merely because both entities occupy the same posture in the litigation."). The State and state officials necessarily represent "the public interest," rather than the MRP's and RNC's "particular interest[s]" in protecting the rights of their voters and candidates. *Coal. of Ariz./New Mex. Counties for Stable Economic Growth v. DOI*, 100 F.3d 837, 845 (10th Cir. 1996). In "represent[ing] the interests of all [Michigan] citizens," Defendant necessarily is inhibited by a variety of considerations that do not similarly impact the MRP and RNC, such as "the expense of defending the current [laws] out of [state] coffers." *Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999); *see also Meek v. Metro. Dade Cnty.*, 985 F.2d 1471, 1478 (11th Cir. 1993) ("The intervenors sought to advance their own interests in achieving the greatest possible participation in the political process. Dade County, on the other hand, was required to balance a range of interests likely to diverge from those of the intervenors.").

Because Defendant is a partisan elected official, she must take into account "the social and political divisiveness of the issue" and even "their own desires to

remain politically popular and effective leaders." *Meek*, 985 F.2d at 1478; *accord Clark*, 168 F.3d at 462. In the closely related context of permissive intervention under Rule 24(b), the Sixth Circuit has acknowledged that when there are concerns over an elected official's continued desire to defend existing laws the "case for intervention [is] even stronger, since no other party in the case would be seeking to uphold" the challenged laws if the elected official declines to mount a vigorous defense. *League of Women Voters of Mich.*, 902 F.3d at 580. Other courts have repeatedly relied on such considerations to conclude that governmental defendants are not categorically adequate representatives for private intervenors' interests in constitutional and other public law litigation. *See, e.g.*, *Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996) (holding that the government's representation of the general public interest did not adequately represent the intervenor's own narrower interests, despite the similarity in their goals); *In re Sierra Club*, 945 F.2d 776, 779-80 (4th Cir. 1991) (holding that the government could not adequately represent the interests of a private litigant because it necessarily must consider and protect the interests of opposing parties, as well).

Applicants have reason to question whether Defendant, in her official capacity as Attorney General, will enforce and defend the Paid Driver Ban and Absent Ballot Application Harvesting Ban. During her short term, Defendant has demonstrated that

she will decline to enforce select laws in Michigan with which she disagrees, as evidenced by the following:

- Enbridge Energy Line 5 Dispute: Defendant opined that 2018 PA 359 ("Act 359"), which amended the Mackinac Bridge Authority Law, MCL 254.311 *et seq*, to allow Enbridge's Line 5 tunnel beneath the Straights of Mackinac, was unconstitutional. (OAG No. 7309). Specifically, Defendant opined that Act 359 allegedly violates the Title-Object Clause, Mich. Con. 1963, art 4, § 24. The Michigan Court of Claims ruled against Defendant's constitutional argument, holding that Act 359 is constitutional. This case remains pending.

- Faith-Based Adoption Agencies: Defendant and the ACLU signed a settlement agreement in *Dumont v. Lyon*, No. 2:17-cv-13080 (E.D. Mich, 2019), in an effort to preclude the state of Michigan from working with faith-based adoption agencies, thus violating Michigan law protecting faith-based adoption agencies. See Order on Stipulation of Dismissal, *Dumont*, No. 2:17-cv-13080 (E.D. Mich), ECF No. 83. After the *Dumont* settlement, St. Vincent Catholic Charities, a faith-based adoption agency, brought suit against Defendant for her unconstitutional enforcement of Michigan adoption law. *Buck v. Gordon*, No. 1:19-cv-286 (W.D. Mich). The district court denied Defendant's motion to dismiss and granted a preliminary injunction to preserve the status quo for adoptions in Michigan. (**Exhibit 1**, Opinion, *Buck*, No. 1:19-cv-286 (W.D. Mich), ECF No. 69). This case remains pending.

Although Defendant and Applicants agree that dismissal is the appropriate outcome, in light of this concerning track record, Applicants seek to intervene at this early stage of litigation to protect their substantial interests in the 2020 elections from a potentially adverse or unlawful settlement later in the litigation.[3]

---

[3] In addition, in *League of Women Voters of Mich. v. Johnson*, No. 2:17-cv-14148 (E.D. Mich.), the Secretary of State entered into a settlement agreement with the plaintiff (whose counsel was a former chairman of the Michigan Democratic Party) that would have impacted 11 state House districts and required Michigan lawmakers to redraw the districts deemed unconstitutional. The court rejected this settlement,

For these reasons, it is sufficiently possible that Defendant will not adequately represent and protect the Applicants' distinct substantial interests.

## II.   In the alternative, the Court should grant permissive intervention.

At the least, this Court should exercise its broad discretion to allow the MRP and RNC to intervene in this lawsuit. Rule 24(b)(1) provides that, "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." In deciding whether to allow a party to intervene, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "So long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion." *League of Women Voters of Mich.*, 902 F.3d at 577.

The Applicants satisfy all elements necessary for permissive intervention under Rule 24(b). *First*, Applicants' motion is timely. The Sixth Circuit uses the same five factors to determine the timeliness of a permissive-intervention motion as

---

ruling that the Secretary of State "lacks the authority—absent the express consent of the Michigan Legislature, which she lacks—to enter into the proposed consent decree." (**Exhibit 2**, Order Denying Joint Motion to Approve Consent Decree, *League of Women Voters of Mich.*, No. 2:17-cv-14148 (E.D. Mich.), ECF No. 235). Applicants seek similarly to protect against a settlement to which they would not consent.

an intervention-as-of-right motion. *See Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 582 (6th Cir. 1982). Because this case is still in its infancy, and for the other reasons stated above, the Applicants have moved to intervene on a timely basis.

*Second*, Applicants seek to assert defenses that share "common questions of law [and] fact" with Plaintiffs' action regarding the constitutionality of Michigan's election laws. Fed. R. Civ. P. 24(b)(3). Plaintiffs allege that the Paid Driver Ban and Absent Ballot Application Harvesting Ban in Michigan are unconstitutional. The Applicants reject these allegations and contend not only that these long-standing election laws in Michigan are constitutional, but that the relief sought by Plaintiffs would undermine the interests of the MRP, RNC, and their members. *Cf. Johnson*, 2012 U.S. Dist. LEXIS 126096, at *4 (allowing the MRP to intervene to defend the constitutionality of Michigan's sore loser law because both the MRP and the state sought a determination as to whether the statute could be applied in the upcoming election). Granting intervention will allow this Court to evaluate all of the competing claims and arguments, preventing piecemeal, protracted litigation, and the possibility of conflicting legal decisions.

*Third*, allowing Applicants to intervene will neither delay this litigation nor prejudice the parties. *See* Fed. R. Civ. P. 24(b)(3). The Applicants have filed this motion for leave to intervene within days of Plaintiffs filing their Amended Complaint and motion for injunctive relief. (R. 17; R. 22). This motion is

accompanied by Applicants' responsive pleading, as required under Rule 24(c). Their defenses raise questions of law that are unlikely to require discovery or an evidentiary hearing. *See Assoc. Gen. Contr. Of Ohio, Inc. v. Drabik*, 214 F.3d 730, 734 (6th Cir. 2000) ("The constitutionality of a statute is a question of law . . . ."). And the Court has not yet ruled on Plaintiffs' standing or whether the Paid Driver Ban and the Absent Ballot Application Harvesting Ban are constitutional. Further, allowing intervention would promote the Court's ability to reach an expeditious resolution in this matter. Intervention will not cause delay or prejudice to the original parties, as Applicants will submit all filings in accordance with whatever briefing schedules the Court imposes, simultaneously with Defendant unless ordered otherwise. Allowing intervention now would prevent the later need for collateral challenges to an unlawful or prejudicial settlement, and significantly simplify proceedings in this matter.

In sum, because the rules governing intervention are to be liberally construed in favor of permitting intervention by parties, Applicants' defenses raise common questions of law and fact with the claims already before the Court, and intervention will not result in undue delay or prejudice to the existing parties, this Court should grant Applicants' motion for permissive intervention.

## CONCLUSION

18

For the foregoing reasons, the Applicants respectfully request that this Court grant its Motion to Intervene and permit them to intervene in this action as party defendants.

**BUTZEL LONG, PC**

By: /s/ Kurtis T. Wilder
Kurtis T. Wilder (P37017)
Steven R. Eatherly (P81180)
150 W. Jefferson, Suite 150
Detroit, Michigan  48226
(313) 225-7000
wilder@butzel.com
eatherly@butzel.com

DATED:  February 19, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

By: /s/ Kurtis T. Wilder
Kurtis T. Wilder (P37017)
150 W. Jefferson, Suite 150
Detroit, Michigan  48226
(313) 225-7000
wilder@butzel.com