UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIORITIES USA, *et al.*,                                    Case No. 19-13341

      Plaintiffs,                                        Stephanie Dawkins Davis
v.                                                          United States District Judge

DANA NESSEL,

      Defendant.
_____/

**OPINION AND ORDER GRANTING
MOTIONS TO INTERVENE (ECF Nos. 33, 39)**

This case involves constitutional challenges to Michigan's absentee voter

law, Mich. Comp. Laws § 168.759, and voter transportation law, Mich. Comp.

Laws § 168.931, filed by plaintiffs Priorities USA (Priorities), Rise, Inc. (Rise),

and Detroit/Downriver Chapter of the A. Philip Randolph Institute (DAPRI).[1]  The

Michigan Republican Party (MRP) and the Republican National Committee (RNC)

(ECF No. 33) as well as the Michigan Senate and Michigan House of

Representatives ("the Legislature") (ECF No. 39) move to intervene in this case as

of right or for permissive intervention pursuant to Federal Rule of Civil Procedure

24.  The plaintiffs oppose the MRP's, the RNC's, and the Legislature's

_____

[1] The Court summarized the factual background of this case in a contemporaneous
opinion and order regarding defendant Dana Nessel's motion to dismiss, and in lieu of restating
the same, relies on the recitation contained therein for purposes of the instant motions.  (*See* ECF
No. 59).

intervention in this case (ECF Nos. 43, 48); Nessel opposes the MRP's and the RNC's intervention (ECF No. 42) but remained silent concerning the Legislature's proposed intervention.  The MRP, the RNC, and the Legislature have filed reply briefs in support of their motions.  (ECF Nos. 46, 49).  The Court conducted a hearing regarding the instant motions to intervene on Friday, May 8, 2020, at 11:00 a.m.

## I.    GOVERNING LAW

Intervention as of right is governed by Federal Rule of Civil Procedure 24(a), which provides, in relevant part, that on timely motion, a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2). The Sixth Circuit has interpreted this language "to require an applicant to show that: 1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest."  *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (citing *Grutter v. Bollinger,* 188 F.3d 394, 397-98 (6th Cir. 1999)).

Rule 24(b) governs permissive intervention and provides that a court may, on timely motion, permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Stated differently, "a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact."  *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Michigan State AFL–CIO v. Miller,* 103 F.3d 1240, 1248 (6th Cir. 1997)).  "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed."  *Id.*

Because the Court finds that the proposed intervenors meet the requirements for permissive intervention, it need not address whether they are entitled to intervene as of right.  *See League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018); *Priorities USA v. Benson*, No. 19-13188, 2020 WL 1433852, at *9 (E.D. Mich. Mar. 24, 2020); *Ohio A. Philip Randolph Inst. v. Smith*, No. 1:18cv357, 2018 WL 8805953, at *1 (S.D. Ohio Aug. 16, 2018).

## II.   ANALYSIS

### A.   Timeliness

The first inquiry is whether the motions to intervene are timely.  Courts

evaluate five factors in determining the timeliness of an application to intervene:

> (1) the point to which the suit has progressed; (2) the
> purpose for which intervention is sought; (3) the length
> of time preceding the application during which the
> proposed intervenors knew or should have known of their
> interest in the case; (4) the prejudice to the original
> parties due to the proposed intervenors' failure to
> promptly intervene after they knew or reasonably should
> have known of their interest in the case; and (5) the
> existence of unusual circumstances militating against or
> in favor of intervention.

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000) (quoting *Jansen v.*

*City of Cincinnati,* 904 F.2d 336, 340 (6th Cir. 1990)).  "No single factor is

determinative; instead, timeliness 'should be evaluated in the context of all

relevant circumstances.'"  *Equal Employment Opportunity Comm'n v. R.G. & G.R.*

*Harris Funeral Homes, Inc.*, No. 16-2424, 2017 WL 10350992, at *1 (6th Cir.

Mar. 27, 2017) (quoting *Stupak-Thrall*, 226 F.3d at 472-73).

Priorities filed its complaint on November 12, 2019.  (ECF No. 1).  After a

stipulated two-week extension, Nessel filed a motion to dismiss the complaint on

December 20, 2019, based in part on a lack of standing.  (ECF Nos. 6, 10).  On

December 23, 2019, District Judge Mark A. Goldsmith entered an order regarding

the motion to dismiss, permitting Priorities to file an amended complaint to correct

the deficiencies alleged by defendant within 21 days or otherwise respond to the motion to dismiss in due course.  (ECF No. 13).  That time was twice extended via stipulation and order, and on January 27, 2020, Priorities filed an amended complaint, adding Rise and DAPRI as plaintiffs.  (ECF Nos. 15, 16, 17).  The plaintiffs filed a motion for a preliminary and permanent injunction and a motion to expedite this case the next day.  (ECF Nos. 22, 23).  Nessel filed a motion to dismiss the amended complaint on February 10, 2020.  (ECF No. 27).  On February 11, 2020, the Court denied the plaintiffs' motion to expedite without prejudice and set an abbreviated briefing schedule for Nessel's motion to dismiss, requiring a response by February 24, 2020, and a reply by February 28, 2020. (ECF No. 29).  The MRP and the RNC filed their motion to intervene on February 19, 2020, and the Legislature filed its motion to intervene on February 27, 2020. (ECF Nos. 33, 39).

Given the trajectory of the case thus far, the Court finds that the motions to intervene are timely.  The MRP, the RNC, and the Legislature moved to intervene in this case within a month of the filing of the amended complaint, and just weeks after Nessel filed her second motion to dismiss.  Additionally, the Court has not issued a scheduling order or held a Rule 26(f) conference in this matter, and little to no discovery has taken place.

The MRP, the RNC, and the Legislature move to intervene as party defendants and for permission to file responsive pleadings to the amended complaint and/or to respond to Nessel's motion to dismiss. They filed their motions to intervene while this case was still in its pleading stages, before the briefing on the plaintiffs' motion for a preliminary and permanent injunction and Nessel's motion to dismiss was complete, and before the Court began considering the merits of those motions. Thus, the MRP, the RNC, and the Legislature have moved to intervene at an appropriate juncture in this case to achieve their purposes.

There is some indication that the MRP, the RNC, and the Legislature knew of this litigation at or around its outset. (*See* ECF No. 43, PageID.833 (citing https://detroit.cbslocal.com/2019/11/13/suit-seeks-to-block-michigan-restrictions-on-helping-voters/); ECF No. 48, PageID.898 (citing *Priorities USA v. Benson*, Case No. 19-13188, ECF No. 7, PageID.43 (E.D. Mich. Nov. 27, 2019))). The proposed intervenors do not dispute this. When asked at the hearing why they did not move to intervene sooner, the MRP and the RNC explained that their interest in intervening heightened upon the filing of the amended complaint – when Rise and DAPRI joined in this action as plaintiffs. The Legislature explained a more strategic approach, first moving to intervene in *Priorities USA v. Benson*, Case No. 19-13188 (E.D. Mich. 2019), the first of three close-in-time cases filed by Priorities relating to Michigan's election laws, before moving to intervene in this

case.  These stated reasons tend to dispel suggestions of bad faith or intentional delay on the part of the proposed intervenors.[2]  In light of these reasons and the rapidly changing procedural posture of this case prior to the filing of the instant motions, the Court does not find the proposed intervenors' failure to move sooner to be so unreasonable as to weigh against the timeliness of the motions.

In arguing that the MRP's and the RNC's motion to intervene is untimely, Nessel does not assert any specific prejudice resulting from the timing of their motion.  Rather, she expresses concern about having her pending motion to dismiss heard and resolved as efficiently as possible without unnecessary delay.  (ECF No. 42, PageID.810).  This concern is resolved by the Court's contemporaneous ruling on the motion to dismiss.  The bulk of the prejudice asserted by the plaintiffs, *i.e.*, complication and further delay of the proceedings, primarily results not from the delay in filing the instant motions but from the intervention itself.  This asserted prejudice will be fully addressed below.

Finally, the Court finds no unusual circumstances in terms of timeliness that militate against or in favor of intervention.  For this and the reasons discussed above, the Court finds that the MRP, the RNC, and the Legislature have timely moved to intervene in this case.

---

[2] The Court expresses no opinion as to the underlying merit of the proposed intervenors' reasons for not moving to intervene sooner.

B.  Common Question of Law or Fact

Having determined that the motions to intervene are timely, the Court now turns to the question of whether the MRP's, the RNC's, and the Legislature's claims and defenses allege at least one common question of law or fact.  They do. The motions to intervene and the proposed responsive pleadings filed by the MRP, the RNC, and the Legislature demonstrate that they seek to defend the constitutionality of Michigan's voter transportation and absentee voter laws, the same laws which the plaintiffs allege are unconstitutional.[3]  (*See* ECF Nos. 33, 35, 39, 39-1).  *See also Miller*, 103 F.3d at 1248 (Chamber of Commerce's claim that amendments to Michigan's Campaign Finance Act were valid presented a question of law common to the main action challenging the constitutionality of those amendments).  Neither the plaintiffs nor Nessel dispute that this factor is met.

C.  Undue Delay or Prejudice

The plaintiffs argue that allowing the MRP, the RNC, and the Legislature to intervene will prejudice them and the public at large by delaying and complicating these proceedings while providing no meaningful benefit to the Court, the existing parties, or the interests of justice.  The plaintiffs assert in this regard that they have a critical need in the speedy resolution of this case, and allowing intervention by

---

[3] The MRP and the RNC improperly filed their proposed answer to the amended complaint on the docket (ECF No. 35) rather than as an exhibit to their motion to intervene, and it will be stricken accordingly.

the MRP, the RNC, and the Legislature will create an "intractable procedural mess" resulting from additional briefing, discovery, and litigation strategies, and will diminish the likelihood that this case will be resolved before the November 2020 election.  (ECF No. 43, PageID.834-835, 836-837; ECF No. 48, PageID.899, 900).  In support, the plaintiffs cite *League of Women Voters of Michigan v. Johnson*, No. 2:17-cv-14148, 2018 WL 3861731, at *2 (E.D. Mich. Aug. 14, 2018) (finding that potential conflicts in litigation strategy could be prejudicial to the original parties) and *Serv. Emps. Int'l Union Local 1 v. Husted*, 515 F. App'x 539, 542 (6th Cir. 2013) (finding denial of permissive intervention appropriate where motion was filed weeks after pleadings and preliminary injunction briefing because delay would pose "a significant risk of upsetting the expedited schedule necessitated by the upcoming election").

The MRP and the RNC assert that they do not seek to cause any delay or reopen settled issues, their defenses are unlikely to require discovery or an evidentiary hearing, and they will submit all filings in accordance with any briefing schedule imposed by the Court.  (ECF No. 33, PageID.511, 523).

The Court acknowledges the plaintiffs' sense of urgency and interest in reaching a prompt resolution prior to the November 2020 election.  The Court also recognizes that permitting intervention by the MRP, the RNC, and the Legislature will compound these proceedings and cause some delay and prejudice to the

original parties.  However, a "district court [has] broad discretion in setting the precise scope of intervention," *Buck v. Gordon*, No. 19-1959, 2020 WL 2316677, at *6 (6th Cir. May 11, 2020) (quoting *United States v. City of Detroit*, 712 F.3d 925, 933 (6th Cir. 2013)), and in controlling its own docket, *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) ("Matters of docket control and conduct of discovery are committed to the sound discretion of the district court.").  And the Court finds that the plaintiffs' concerns of delay and prejudice can be addressed through proper limitation and docket control such that any delay and prejudice caused by the MRP's, the RNC's, and the Legislature's intervention will not be undue.  *See United States v. Detroit*, 712 F.3d at 932.

D.   <u>Other Relevant Factors</u>

The proposed intervenors' legal interests in this case are relevant to the Court's consideration of permissive intervention.  *See Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 784 (6th Cir. 2007); *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 759 (6th Cir. 2018) ("District courts can consider [mandatory intervention] factors when evaluating permissive intervention motions.").

The MRP and the RNC move to intervene to protect their "competitive interests in defending the constitutional election laws in Michigan in order to preserve a fair playing field and prevent change to Michigan's competitive

environment in the upcoming 2020 elections."  (ECF No. 33, PageID.499).  The Legislature says that it has a compelling interest in the defense of duly enacted statutes and preserving the integrity of Michigan's elections through the same. (ECF No. 39, PageID.700, 707).

The Legislature's interest in this case is sound as it stems from its constitutional mandate to "enact laws . . . to preserve the purity of elections."  1963 Mich. Const., Art. II, § 4(2).  This weighs in favor of granting the Legislature permissive intervention.  The MRP's and RNC's competitive interests are not as salient, but because this case involves the integrity of Michigan's election laws, the Court views it as worthwhile to receive input from all interested parties to reach the correct determination.  The Court will therefore permit the MRP, the RNC, and the Legislature to intervene in this case, subject to the limits proscribed below.

## III.   CONCLUSION

For the reasons stated, the Michigan Republican Party's, the Republican National Committee's, and the Michigan Legislature's motions to intervene (ECF Nos. 33, 39) are **GRANTED**.

The MRP, the RNC, and the Legislature must answer or otherwise respond to the amended complaint within ten (10) days of this opinion and order.  To the extent that the responses come in the form of dispositive motions, the motions are

limited to issues not already addressed and resolved through the Court's opinion and order regarding Nessel's motion to dismiss.

The MRP, the RNC, and the Legislature must file any response to the plaintiffs' motion for a preliminary and permanent injunction within fourteen (14) days of this opinion and order.  The plaintiffs may file reply briefs within seven (7) days of the response(s).

**IT IS SO ORDERED**.

Date: May 22, 2020                           s/Stephanie Dawkins Davis
                                             Stephanie Dawkins Davis
                                             United States District Judge