UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Priorities USA, Rise, Inc., and the
Detroit/Downriver Chapter of the A.
Philip Randolph Institute,

    Plaintiffs,

v.

Dana Nessel, in her official capacity as
Attorney General of the State of
Michigan,

    Defendant,

and

Michigan Republican Party
And Republican National Committee,

    Intervening Parties,

and

Michigan House of Representatives,
And Michigan Senate,

    Intervening Parties.

NO. 19-13341

JUDGE STEPHANIE
DAWKINS DAVIS

MAGISTRATE R. STEVEN
WHALEN

**MICHIGAN REPUBLICAN PARTY
AND REPUBLICAN NATIONAL
COMMITTEE ANSWER TO
AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF (42 U.S.C. § 1983)**

_____/

**MICHIGAN REPUBLICAN PARTY AND REPUBLICAN
NATIONAL COMMITTEE ANSWER TO AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF (42 U.S.C. § 1983)**

  Pursuant to Federal Rule Civil Procedure 8, the Michigan Republican Party

("MRP") and Republican National Committee ("RNC") (collectively the

"Intervenors"), state as follows:

## INTRODUCTION

1.     The case law referenced in paragraph 1 of the Amended Complaint speaks for itself.  Paragraph 1 further states a legal conclusion as to which no response is required.  To the extent a response is required, Intervenors deny the allegations of paragraph 1 as untrue.

2.     Intervenors admit only that Proposal 3 passed in the November 6, 2018 general election.  The Michigan Constitution, as amended by the passage of Proposal 3, speaks for itself.  Plaintiffs' mischaracterizations of Proposal 3 and its effect in paragraph 2 of the Amended Complaint state legal conclusions to which no response is required.  Intervenors deny as untrue all allegations in paragraph 2 to which a response is required.

3.     Intervenors deny as untrue any allegations in paragraph 3 of the Amended Complaint that are inconsistent with the text of MCL 168.931 and MCL 168.759, which speak for themselves.  Specifically, Intervenors deny that the terminology "Voter Transportation Ban" and "Absentee Ballot Organizing Ban," which are absent from the text of these specific statutes, are inaccurate, and accordingly deny each allegation in the Amended Complaint utilizing these terms.  Paragraph 3 further states a legal conclusion as to which no response is required.  To the extent a response is required, Intervenors deny the allegations of paragraph 3 as untrue.

4.      Intervenors deny as untrue any allegations in paragraph 4 of the Amended Complaint that are inconsistent with the text of MCL 168.931 and MCL 168.759, which speak for themselves. Paragraph 4 further states a legal conclusion as to which no response is required. To the extent a further response is required, Intervenors deny the allegations of paragraph 4 as untrue.

5.      Paragraph 5 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, MCL 168.931 and MCL 168.759 speak for themselves. To the extent a response is required, Intervenors deny the allegations of paragraph 5 as untrue.

6.      Intervenors admit only that the Michigan Primary Election was on March 10, 2020, and the 2020 General Election is on November 3, 2020. The case law referenced in paragraph 6 of the Amended Complaint speaks for itself. Paragraph 6 further states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 6 as untrue.

## PARTIES

7.      Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 7 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

8.      Intervenors lack knowledge or information sufficient to form a belief

about the allegations of paragraph 8 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

9.      Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 9 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

10.      Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 10 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

11.      Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 11 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

12.      Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 12 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

13.      Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 13 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

14.      Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 14 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

15.     Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 15 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

16.     Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 16 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

17.     Intervenors deny as untrue any allegations in paragraph 17 of the Amended Complaint that are inconsistent with the text of the Michigan Constitution. Intervenors further lack knowledge or information sufficient to form a belief about the allegations of paragraph 17, and therefore leave Plaintiffs to their proofs.

18.     The Amended Complaint speaks for itself. (ECF No. 17). Intervenors admit the remaining allegations in paragraph 18 of the Amended Complaint, except that Intervenors deny the use of the terms "Voter Transportation Ban" and "Absentee Ballot Organizing Ban," to the extent they are inaccurate descriptions of MCL 168.931 and MCL 168.759.

## **JURISDICTION AND VENUE**

19.     The Amended Complaint speaks for itself. (ECF No. 17). To the extent further response is required, Intervenors admit only that claims under the First and Fourteenth Amendments of the U.S. Constitution are actionable under 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

20.     Intervenors deny the allegations in paragraph 20 of the Amended Complaint as Plaintiffs' claims are barred, in whole or in part, by federal abstention doctrines, specifically the *Pullman* Abstention doctrine. *See Railroad Comm'n of Tex v Pullman Co*, 312 U.S. 496 (1941).

21.     Intervenors admit only that venue is proper.

22.     Intervenors admit the allegations in paragraph 22 of the Amended Complaint.

23.     Paragraph 23 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 23 as untrue.

24.     Paragraph 24 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 24 as untrue.

25.     Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 25 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

26.     Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 26 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

27.     Paragraph 27 of the Amended Complaint states a legal conclusion as to

which no response is required. Intervenors lack knowledge or information sufficient to form a belief regarding the alleged repeated refusal of Defendant and other state officials in Michigan to disavow enforcement of MCL 168.931 and MCL 168.759. To the extent a response is required, Intervenors deny the allegations of paragraph 27 as untrue.

28.     Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 28 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

29.     Defendant's initial motion to dismiss speaks for itself. (ECF No. 10).

30.     Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 30 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

31.     Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 31 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

32.     Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 32 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

## <u>GENERAL ALLEGATIONS</u>

### The Voter Transportation Ban

33.     MCL 168.931(1)(f) and MCL 750.504 speak for themselves.

34.     Paragraph 34 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, MCL 168.931(1)(f) speaks for itself.

35.     Paragraph 35 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 35 as untrue. The case law referenced in paragraph 35, note 1 of the Amended Complaint speaks for itself.

36.     The secondary sources referenced in paragraph 36 of the Amended Complaint speak for themselves. Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 36, and therefore leave Plaintiffs to their proofs.

37.     Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 37 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

38.     Paragraph 38 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 38 as untrue.

39.     Paragraph 39 of the Amended Complaint states a legal conclusion as to

which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 39 as untrue.

40. MCL 168.931(1)(f) speaks for itself. Paragraph 40 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 40 as untrue.

41. The secondary source referenced in paragraph 41 of the Amended Complaint speaks for itself. Paragraph 41 states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 41 as untrue.

42. Paragraph 42 of the Amended Complaint states a legal conclusion as to which no response is required. Intervenors lack knowledge or information sufficient to form a belief about the allegations of paragraph 42 regarding the actions of The Detroit Bus Company and "other organizations" and therefore leave Plaintiffs to their proofs on those allegations. To the extent there are other allegations in paragraph 42 requiring a response, Intervenors deny the allegations of paragraph 42 as untrue.

43. Paragraph 43 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, MCL 168.931 and MCL 168.932 speak for themselves. To the extent a response is required, Intervenors deny the allegations of paragraph 43 as untrue.

44.     Paragraph 44 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, MCL 168.931 speaks for itself. To the extent a response is required, Intervenors deny the allegations of paragraph 44 as untrue.

45.     Paragraph 45 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, MCL 168.931 speaks for itself. To the extent a response is required, Intervenors deny the allegations of paragraph 45 as untrue.

46.     Paragraph 46 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, 11 C.F.R. § 108.7(b)(3) speaks for itself.

47.     Paragraph 47 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, 11 C.F.R. § 108.7(b)(3) speaks for itself. To the extent a response is required, Intervenors deny the allegations of paragraph 47 as untrue.

## The Absentee Ballot Organizing Ban

48.     Intervenors admit only that absentee voting is voting that occurs before and on Election Day via mail or in person at a municipal clerk's office. MCL 168.759 speaks for itself. Intervenors lack knowledge or information sufficient to form a belief about the remaining allegations of paragraph 48 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

49.     Intervenors admit only that Proposal 3 passed in the November 6, 2018 general election. Paragraph 49 of the Amended Complaint further states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the legal conclusion of paragraph 49 as untrue.

50.     MCL 168.759 speaks for itself.

51.     Paragraph 51 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 51 as untrue. Moreover, MCL 168.759 and MCL 168.2(l), referenced in paragraph 51, note 2 of the Amended Complaint, speak for themselves.

52.     Intervenors lack knowledge or information sufficient to form a belief about the remaining factual allegations of paragraph 52 of the Amended Complaint, and therefore leave Plaintiffs to their proofs.

53.     Paragraph 53 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, MCL 168.759 speaks for itself. To the extent a response is required, Intervenors deny the allegations of paragraph 53 as untrue.

54.     Paragraph 54 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, MCL 168.761(3), (6); MCL 168.769; and MCL 168.760 speak for themselves. To the extent a response is required, Intervenors

deny the allegations of paragraph 54 as untrue.

55.     The Michigan Election Laws referenced in paragraph 55 of the Amendment Complaint speak for themselves. Paragraph 55 states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 55 as untrue.

## CAUSES OF ACTION
### COUNT I
**U.S. Const. Amend. I and XIV, 42 U.S.C. § 1983,
28 U.S.C. § 2201, 28 U.S.C. § 2202
(The Absentee Ballot Organizing Ban is Unconstitutionally Vague and Overbroad)**

56.     MCL 168.759 speaks for itself. Paragraph 56 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 56 as untrue.

57.     Paragraph 57 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, the case law referenced in paragraph 57 speaks for itself. To the extent a response is required, Intervenors deny the allegations of paragraph 57 as untrue.

58.     Paragraph 58 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, the case law referenced in paragraph 58 speaks for itself. To the extent a response is required, Intervenors deny the allegations of paragraph 58 as untrue.

59.     Paragraph 59 of the Amended Complaint states a legal conclusion as to

which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 59 as untrue.

60.     Paragraph 60 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 60 as untrue.

## COUNT II
### U.S. Const. Amend. I and XIV, 42 U.S.C. § 1983, 28 U.S.C. § 2201, 28 U.S.C. § 2202
### (The Absentee Ballot Organizing Ban Violates Speech and Associational Rights Protected by the First and Fourteenth Amendments)

61.     Intervenors incorporate by reference paragraphs 1 through 60 of their Answer in response to the allegations contained in paragraph 61 of the Amended Complaint.

62.     Paragraph 62 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, the case law referenced in paragraph 62 speaks for itself. To the extent a response is required, Intervenors deny the allegations of paragraph 62 as untrue.

63.     Paragraph 63 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, the case law referenced in paragraph 63 speaks for itself. To the extent a response is required, Intervenors deny the allegations of paragraph 63 as untrue.

64.     Paragraph 64 of the Amended Complaint states a legal conclusion as to

which no response is required. To the extent a response is required, Intervenors deny

the allegations of paragraph 64 as untrue.

## COUNT III
### U.S. Const. Amend. XIV, 42 U.S.C. § 1983, 28 U.S.C. § 2201, 28 U.S.C. § 2202
### (The Absentee Ballot Organizing Ban Imposes an Undue Burden on the Fundamental Right to Vote)

***The Court has already dismissed Plaintiffs' undue burden claim for Count III, and thus no responses are necessary for the below allegations. (ECF No. 59).*

65.    No response needed.

66.    No response needed.

67.    No response needed.

68.    No response needed.

69.    No response needed.

70.    No response needed.

## COUNT IV
### Violation of Section 208 of the Voting Rights Act of 1965, 52 U.S.C. § 10508
### (Federal Law Supersedes and Preempts the Absentee Ballot Organizing Ban)

71.    Intervenors incorporate by reference paragraphs 1 through 70 of their

Answer in response to the allegations contained in paragraph 71 of the Amended

Complaint.

72.    Paragraph 72 of the Amended Complaint states a legal conclusion as to

which no response is required. Moreover, 52 U.S.C. § 10508 speaks for itself. To

the extent a response is required, Intervenors deny the allegations of paragraph 72

as untrue.

73.     The case law referenced in paragraph 73 of the Amended Complaint and 52 U.S.C. § 10508 speak for themselves. To the extent a response is required, Intervenors deny the allegations of paragraph 73 as untrue.

74.     52 U.S.C. § 10508 speaks for itself.

75.     Paragraph 75 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, 52 U.S.C. § 10508 and MCL 168.759 speak for themselves. To the extent a response is required, Intervenors deny the allegations of paragraph 75 as untrue.

76.     Paragraph 76 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 76 as untrue.

77.     Paragraph 77 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 77 as untrue.

78.     Paragraph 78 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 78 as untrue.

**COUNT V**
**U.S. Const. Amend. I and XIV, 42 U.S.C. § 1983,**
**28 U.S.C. § 2201, 28 U.S.C. § 2202**
**(The Voter Transportation Ban is Unconstitutionally Vague and Overbroad)**

79.     Intervenors incorporate by reference paragraphs 1 through 78 of their Answer in response to the allegations contained in paragraph 79 of the Amended Complaint.

80.     Paragraph 80 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, MCL 168.931(f) speaks for itself. To the extent a response is required, Intervenors deny the allegations of paragraph 80 as untrue.

81.     Paragraph 81 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 81 as untrue.

82.     Paragraph 82 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 82 as untrue.

**COUNT VI**
**U.S. Const. Amend. I and XIV, 42 U.S.C. § 1983,**
**28 U.S.C. § 2201, 28 U.S.C. § 2202**
**(The Voter Transportation Ban Violates Speech and Associational Rights**
**Protected by the First and Fourteenth Amendments)**

83.     Intervenors incorporate by reference paragraphs 1 through 82 of their Answer in response to the allegations contained in paragraph 83 of the Amended Complaint.

84.     Paragraph 84 of the Amended Complaint states a legal conclusion as to

which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 84 as untrue.

85. Paragraph 85 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 85 as untrue.

86. Paragraph 86 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, 11 C.F.R. § 114.4(d)(1) and the case law referenced in paragraph 86 speak for themselves. To the extent a response is required, Intervenors deny the allegations of paragraph 86 as untrue.

87. Paragraph 87 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, the case law referenced in paragraph 87 speaks for itself. To the extent a response is required, Intervenors deny the allegations of paragraph 87 as untrue.

88. Paragraph 88 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 88 as untrue.

**COUNT VII**
**U.S. Const. Amend. XIV, 42 U.S.C. § 1983, 28 U.S.C. § 2201, 28 U.S.C. § 2202**
**(The Voter Transportation Ban Creates an Undue Burden on the**

**Fundamental Right to Vote)**

*\*\*The Court has already dismissed Plaintiffs' undue burden claim for Count VII, and thus no responses are necessary for the below allegations. (ECF No. 59).*

89.    No response needed.

90.    No response needed.

91.    No response needed.

92.    No response needed.

**Count VIII**
**Declaratory Judgment Act 28 U.S.C. § 2201, 28 U.S.C. § 2202**
**(Federal Law Supersedes and Preempts the Voter Transportation Ban)**

93.    Intervenors incorporate by reference paragraphs 1 through 92 of their Answer in response to the allegations contained in paragraph 93 of the Amended Complaint.

94.    Paragraph 94 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, 52 U.S.C. § 30143 and 11 C.F.R. § 108.7 speak for themselves. To the extent a response is required, Intervenors deny the allegations of paragraph 94 as untrue.

95.    Paragraph 95 of the Amended Complaint states a legal conclusion as to which no response is required. Moreover, 11 C.F.R. § 114.4 and 11 C.F.R. § 114.3 speak for themselves. To the extent a response is required, Intervenors deny the allegations of paragraph 95 as untrue.

96.    Paragraph 96 of the Amended Complaint states a legal conclusion as to

which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 96 as untrue.

97.     Paragraph 97 of the Amended Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Intervenors deny the allegations of paragraph 97 as untrue.

## PRAYER FOR RELIEF

WHEREFORE, Intervenors Michigan Republican Party and Republican National Committee respectfully request that the Amended Complaint be dismissed with prejudice and that they be awarded costs, reasonable attorney fees, and such further relief as the Court deems just and equitable.

**BUTZEL LONG, PC**

By:  /s/  Kurtis T. Wilder
Kurtis T. Wilder (P37017)
Steven R. Etherly (P81180)
150 W. Jefferson, Suite 150
Detroit, Michigan  48226
(313) 225-7000
wilder@butzel.com
etherly@butzel.com

DATED:  June 1, 2020

## <u>AFFIRMATIVE DEFENSES</u>

Pursuant to Federal Rule Civil Procedure 8(c), the Michigan Republican Party ("MRP") and Republican National Committee ("RNC") (collectively the "Intervenors"), by counsel, assert the following affirmative defenses:

1.     Plaintiffs have failed to mitigate their alleged damages, if any.

2.     The Amended Complaint fails, in whole or in part, including the nature of damages requested, to state claims upon which relief can be granted.

3.     Plaintiffs' injunctive claims, as governed by Fed. R. Civ. Pro. 57 and 65 and 28 U.S.C. §§ 2201 and 2202, fail to state a claim on which relief can be granted, therefore warranting dismissal.

4.     Plaintiffs lack standing to bring the subject claims against Defendant.

5.     Plaintiffs' claims, in whole or in part, are not ripe for adjudication.

6.     Plaintiffs' claims, in whole or in part, are moot.

7.     Plaintiffs' claims are barred, in whole or in part, by federal abstention doctrines, specifically the *Pullman* Abstention doctrine. *See Railroad Comm'n of Tex v Pullman Co*, 312 U.S. 496 (1941).

8.     The Court lacks subject-matter jurisdiction over Plaintiffs' preemption claims.

9.     Plaintiffs' claims are non-justiciable political questions.

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of

equitable, collateral, and/or judicial estoppel and/or res judicata.

11.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitation period.  *See* 42 U.S.C. § 1988.

12.    Plaintiffs' claims are barred, in whole or in part, by the statute of repose or laches.

13.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

14.    Plaintiffs' claims are barred, in whole or in part, by one of the affirmative defenses set forth in Fed. R. Civ. Pro. 8(c).

15.    Plaintiffs failed to specially plead their notification of claims of unconstitutionality under Local Rule 9.1(c).

16.    Plaintiffs' claims are barred, in whole or in part, by any substantive or procedural defense under the Michigan Election Laws.

17.    The Court has already dismissed Plaintiffs' undue burden claims (Counts III and VII). (ECF No. 59).

18.    Plaintiffs' claims are barred by the Eleventh Amendment to the U.S. Constitution.

19.    Intervenors reserve the right to assert such further affirmative defenses as may become apparent during the course of discovery in this case. Until Intervenors avail themselves of discovery, they will not know for certain whether all of the

aforementioned affirmative defenses will be raised by motion before or at trial, but

Intervenors assert them now in an effort to give Plaintiffs notice of such defenses.


**BUTZEL LONG, PC**

By: /s/  Kurtis T. Wilder
Kurtis T. Wilder (P37017)
Steven R. Eatherly (P81180)
150 W. Jefferson, Suite 150
Detroit, Michigan  48226
(313) 225-7000
wilder@butzel.com
eatherly@butzel.com

DATED:  June 1, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2020, I electronically filed the above document(s)

with the Clerk of the Court using the ECF System, which will provide electronic copies

to counsel of record.

By: /s/  Kurtis T. Wilder
Kurtis T. Wilder (P37017)
150 W. Jefferson, Suite 150
Detroit, Michigan  48226
(313) 225-7000
wilder@butzel.com