UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIORITIES USA, RISE INC., and
THE DETROIT/DOWNRIVER
CHAPTER OF THE A. PHILIP
RANDOLPH INSTITUTE,

        Plaintiffs,                Case No. 19-cv-13341

v.                                Honorable Stephanie Dawkins Davis
                                Magistrate Judge Kimberly G. Altman

DANA NESSEL, in her
official capacity as Attorney General
of the State of Michigan,

        Defendants

and

THE MICHIGAN SENATE, THE
MICHIGAN HOUSE OF REPRESENTATIVES,
THE MICHIGAN REPUBLICAN PARTY and THE
REPUBLICAN NATIONAL COMMITTEE,

        Intervening Defendants.

_____/

## THE MICHIGAN SENATE AND THE MICHIGAN HOUSE OF REPRESENTATIVES' RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

The Michigan Senate and the Michigan House of Representatives ("the Legislature") move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) to dismiss Plaintiffs' last surviving claims challenging Michigan's election laws.

In 2019, Plaintiff Priorities USA ("Plaintiff") filed this action challenging two Michigan election laws in 2019. In January 2020, Plaintiff amended its Complaint, adding two new plaintiffs and asserting a total of eight claims. This Court dismissed Counts III and VII of Plaintiffs' Amended Complaint. ECF No. 59. Plaintiffs are no longer pursuing Counts I and VIII. Four counts  remain: Counts II, IV, V, and VI. Plaintiffs concede that these claims turn on purely legal issues. ECF No. 23-1, PageID.319. And the Sixth Circuit held that the Legislature has "made a strong showing that it was likely to prevail on the merits." *Priorities USA v. Nessel*, No. 20-1931, __ F. App'x __, 2021 WL 3044270, at *2 (6th Cir. July 20, 2021). This Court should award judgment on the pleadings in favor of the Legislature. The Legislature relies on the arguments and authorities found in its accompanying brief in support.  As Local Rule 7.1(a) requires, the Legislature contacted Plaintiffs' counsel on September 24, 2021 to ask whether counsel would concur in the motion. Plaintiffs' counsel did not concur.

WHEREFORE the Legislature respectfully asks that this Court enter judgment on the pleadings as to all remaining claims.

Respectfully submitted,

BUSH SEYFERTH PLLC
*Attorneys for the Michigan Senate and the Michigan House of Representatives*

By:*/s/Roger P. Meyers*

2

Patrick G. Seyferth (P47475)
Roger P. Meyers (P73255)
Susan M. McKeever (P73533)
Jonathan Jones (P82516)
100 W. Big Beaver Rd., Ste. 400
Troy, MI 48084
(248) 822-7800
seyferth@bsplaw.com
meyers@bsplaw.com
mckeever@bsplaw.com
jones@bsplaw.com

Dated:  September 24, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIORITIES USA, RISE INC., and
THE DETROIT/DOWNRIVER
CHAPTER OF THE A. PHILIP
RANDOLPH INSTITUTE,

          Plaintiffs,                  Case No. 19-cv-13341

v.                                 Honorable Stephanie Dawkins Davis
                                 Magistrate Judge Kimberly G. Altman

DANA NESSEL, in her
official capacity as Attorney General
of the State of Michigan,

          Defendants

and

THE MICHIGAN SENATE, THE
MICHIGAN HOUSE OF REPRESENTATIVES,
THE MICHIGAN REPUBLICAN PARTY and THE
REPUBLICAN NATIONAL COMMITTEE,

          Intervening-Defendants.

_____/

## BRIEF IN SUPPORT OF THE MICHIGAN SENATE AND THE MICHIGAN HOUSE OF REPRESENTATIVES' RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

# **TABLE OF CONTENTS**

I. INTRODUCTION.................................................................................1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY .......................3

III. LEGAL STANDARD ........................................................................5

IV. ARGUMENT ....................................................................................6

   A. Counts I and V: Plaintiffs' overbreadth and vagueness challenges should be dismissed because a person of ordinary intelligence would readily understand both statutes at issue. ...............................................................7

   B. Counts II and VI: Plaintiffs' First Amendment challenges fail because Plaintiffs do not allege a burden sufficient to overcome the state's important regulatory interest in preventing voter fraud.............................10

      1. Count II: The Absentee Voter Law minimally burdens Plaintiffs' First Amendment rights and furthers compelling state interests. ...........12

      2. Count VI: The Voter Transportation Law minimally burdens Plaintiffs' First Amendment rights and furthers compelling state interests.........................................................................................15

   C. Counts IV and VIII: Plaintiffs' preemption claims fail. .............................17

      1. Count IV: Plaintiffs' Absentee Ballot Law preemption claim fails because the law doesn't conflict with any federal objective and the claim rests entirely on alleged injuries to unrelated third parties. ..........17

      2. Count VIII: Plaintiffs are voluntarily dismissing their FECA Voter Transportation Law preemption claim..................................................19

V. CONCLUSION ................................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Bates v. Green Farms Condo. Ass'n*,
  958 F.3d 470 (6th Cir. 2020)................................................................5, 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................6

*Brnovich v. Democratic Nat'l Comm.*,
  141 S. Ct. 2321 (2021) ........................................................... 11, 13, 14

*Crawford v. Marion Cty. Election Bd.*,
  553 U.S. 181 (2008) ..................................................................... passim

*D'Ambrosio v. Marino*,
  747 F.3d 378 (6th Cir. 2014)..................................................................5

*Daunt v. Benson*,
  999 F.3d 299 (6th Cir. 2021)................................................................11

*DSCC v. Simon*,
  950 N.W.2d 280 (Minn. 2020)..............................................................11

*Fair Elections Ohio v. Husted*,
  770 F.3d 456 (6th Cir. 2014)................................................................18

*Hawkins v. DeWine*,
  968 F.3d 603 (6th Cir. 2020)................................................................11

*Hill v. Colorado*,
  530 U.S. 703 (2000) ..............................................................................8

*Howe v. City of Akron*,
  801 F.3d 718 (6th Cir. 2015)................................................................16

*In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*,
  740 N.W.2d 444 (Mich. 2007)................................................................1

*John Doe No. 1 v. Reed*,
  561 U.S. 186 (2010) ............................................................................13

*JPMorgan Chase Bank, N.A. v. Winget*,
  510 F.3d 577 (6th Cir. 2007)..................................................................6

*League of Women Voters of Fla. v. Browning*,
  575 F. Supp. 2d 1298 (S.D. Fla. 2008) ................................................14

*Libertarian Party of Ky. v. Grimes*,
  835 F.3d 570 (6th Cir. 2016)............................................................. 12, 15

*Memphis A. Philip Randolph Inst. v. Hargett*,
  978 F.3d 378 (6th Cir. 2020)................................................................11

*Ohio Democratic Party v. Husted*,
  834 F.3d 620 (6th Cir. 2016)........................................................... 11, 15

*Paskvan v. City of Cleveland Civil Serv. Comm'n*,
  946 F.2d 1233 (6th Cir.1991)..................................................................5

*Platt v. Board of Commissioners on Grievances & Discipline of Ohio Supreme Court*,
  894 F.3d 235 (6th Cir. 2018)..............................................................7, 9

*Priorities USA v. Nessel*,
  462 F. Supp. 3d 792 (E.D. Mich. 2020)............................................7, 11

*Priorities USA v. Nessel*,
  487 F. Supp. 3d 599 (E.D. Mich. 2020)..................................... passim

*Priorities USA v. Nessel*,
  978 F.3d 976 (6th Cir. 2020)...................................................... passim

*Priorities USA v. Nessel*,
  No. 20-1931, __ F. App'x __, 2021 WL 3044270 (6th Cir. July 20, 2021). passim

*Purcell v. Gonzalez*,
  549 U.S. 1 (2006) .................................................................................13

*Schmitt v. LaRose*,
  933 F.3d 628 (6th Cir. 2019)................................................................10

*Swaab v. Calm.com*,
  No. 20-cv-11199, 2021 WL 228902 (E.D. Mich. Jan. 22, 2021) ........................19

*Thompson v. DeWine*,
  959 F.3d 804 (6th Cir. 2020)................................................................11

*Timmons v. Twin Cities Area New Party*,
  520 U.S. 351 (1997) .............................................................................10

*United States v. Raines*,
  362 U.S. 17 (1960) .................................................................................9

*United States v. Wright*,
  774 F.3d 1085 (6th Cir. 2014)................................................................8

*Washington State Grange v. Washington State Republican Party*,
  552 U.S. 442 (2008) ...................................................................9

**Statutes**

52 U.S.C. § 10508 ......................................................................5, 20

52 U.S.C. § 30143 ...........................................................................5

Mich. Comp. Laws § 168.759 ...................................................... 1, 2, 4

Mich. Comp. Laws §168.931(1)(f) ............................................... 1, 4, 10

**Rules**

Fed. R. Civ. P. 12(b)(6)...................................................................4, 6

Fed. R. Civ. P. 12(c)................................................................. 6, 7, 13

**Constitutional Provisions**

Mich. Const. art. 2, § 4...................................................................1

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1. Given the Sixth Circuit's two recent published opinions declaring that Plaintiffs' preemption claim fails as a matter of law as to the Voter Transportation Ban, and given this Court's and the Sixth Circuit's other rulings, should this Court dismiss Plaintiffs' remaining claims under Fed. R. Civ. P. 12(c), where:

   a. Plaintiffs' vagueness and overbreadth challenges (Counts I and V), fail because the Sixth Circuit has held that the Absentee Ballot Law is "readily understood by a person of ordinary intelligence" (Count I), and Plaintiffs have therefore agreed to withdraw this claim, and this Court has likewise held that the Voter Transportation Law is "relatively straightforward and unambiguous?" (Count V);

   b. Plaintiffs' First Amendment Challenges to the laws (Counts II and VI) fail because, under recent Sixth Circuit precedent, the *Anderson-Burdick* standard of review applies, and both statutes minimally burden Plaintiffs' First Amendment rights and further compelling state interests?; and

   c. Plaintiffs' Federal Election Campaign Act preemption claims (Count IV and VIII) fail where Plaintiffs do not allege that the Absentee Ballot Law creates an undue burden to their own rights as opposed to third party rights (Count IV) and Plaintiffs have represented that they will voluntarily dismiss their Voter Transportation Law preemption claim (Count VIII) in light of the Sixth Circuit's rulings?

   The Michigan Legislature says **Yes.**

   This Court should say **Yes.**

## <u>CONTROLLING AND MOST APPROPRIATE AUTHORITY</u>

Fed. R. Civ. P. 12(c)

*Crawford v. Marion Cty. Election Bd.,* 553 U.S. 181 (2008)

*Ohio Democratic Party v. Husted,* 834 F.3d 620 (6th Cir. 2016)

*Platt v. Board of Commissioners on Grievances & Discipline of Ohio Supreme Court,* 894 F.3d 235 (6th Cir. 2018)

*Priorities USA v. Nessel*, 978 F.3d 976 (6th Cir. 2020)

*Priorities USA v. Nessel*, No. 20-1931, __ F. App'x __, 2021 WL 3044270 (6th Cir. July 20, 2021)

*Priorities USA v. Nessel*, 487 F. Supp. 3d at 599 (E.D. Mich. 2020)

*Priorities USA v. Nessel*, 462 F. Supp. 3d 792 (E.D. Mich. 2020)

*Washington State Grange v. Washington State Republican Party*, 552 U.S. 442 (2008)

## I.      INTRODUCTION

Between the several decisions issued by this Court in this case and the two subsequently issued by the Sixth Circuit, every one of Plaintiffs' claims has been analyzed and rejected as a matter of law. Judgment on the pleadings is appropriate.

Preserving free and fair elections is everyone's goal. The people of Michigan have, through the constitution, "specifically commanded" the Legislature to further this objective by passing laws that "'preserve the purity of elections'" and "'guard against abuses of the elective franchise.'" *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 740 N.W.2d 444 (Mich. 2007) (quoting Mich. Const. art. 2, § 4). The two laws challenged here—the Voter Transportation Law (Mich. Comp. Laws §168.931(1)(f)) and the Absentee Ballot Law (Mich. Comp. Laws § 168.759)—do exactly that.

The Voter Transportation Law (Mich. Comp. Laws §168.931(1)(f)) has been on the books since 1895 and is "assuredly aimed at preventing a kind of voter fraud known as 'vote-hauling,'" a "classic form of bribery" in which one party pays a voter to "'haul himself or herself to the polls to vote.'" *Priorities USA v. Nessel*, 978 F.3d 976, 983-84 (6th Cir. 2020) ("*Priorities I*"). The Absentee Ballot Law (Mich. Comp. Laws § 168.759) is aimed at "preventing fraud and abuse in the absentee ballot application process and maintaining public confidence in the absentee voting process." *Priorities USA v. Nessel*, 487 F. Supp. 3d 599, 615 (E.D. Mich. 2020),

rev'd on other grounds by *Priorities USA v. Nessel*, No. 20-1931, __ F. App'x __,

2021 WL 3044270, at *2 (6th Cir. July 20, 2021) ("*Priorities II*").

After nearly two years of litigation and several decisions from this Court and

the Sixth Circuit, only four of Plaintiffs' eight claims remain: Counts II, IV, V, and

VI.[1]  Each of these remaining claims has been analyzed and rejected as a matter of

law, and should be dismissed for the following reasons:

Count II's First Amendment challenge to the Absentee Ballot Law should be

dismissed because this Court has already found the statute "constitutional" as a

matter of law. *Priorities USA*, 487 F. Supp. 3d at 612, 614. Count IV's preemption

challenge to the Absentee Ballot Law should be dismissed because it rests entirely

upon injuries to third parties, which, as this Court has already decided, Plaintiffs lack

standing to assert. *See id.* at 808-9. Count V's vagueness challenge to the Voter

Transportation Ban should be dismissed because it has already been rebuffed by both

this Court and the Sixth Circuit. *See Priorities USA,* 487 F. Supp. 3d at 621 (finding

"the Voter Transportation Law to be relatively straightforward and unambiguous");

*Priorities I*, 978 F.3d at 983 (the plain language of the statute is "assuredly aimed at

preventing a kind of voter fraud known as 'vote-hauling'"). Finally, the Sixth Circuit

has signaled that Count VI's First Amendment challenge to the Voter Transportation

---

[1] This Court dismissed Counts III and VII in its order granting in part Defendant
Nessel's Motion to Dismiss, ECF No. 59, and Plaintiffs no longer intend to pursue
Counts I and VIII, *see* Rule 26(f) Report, ECF No. 109, PageID.1852-1853.

Law should be dismissed because it fails as a matter of law under the *Anderson-Burdick* framework. *See Priorities USA v. Nessel*, No. 20-1931, __ F. App'x __, 2021 WL 3044270, at *2 (6th Cir. July 20, 2021) ("*Priorities II*") (the Voter Transportation Law is "not a severe burden on [Plaintiffs'] rights" and the state's "interest in preventing voter fraud is an important regulatory interest").

With no viable claims remaining, judgment on the pleadings is appropriate.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Court and parties have summarized the facts, relevant statutory schemes, and procedural history several times. *See, e.g.*, *Priorities USA*, 487 F. Supp. 3d at 604-08. Plaintiff Priorities USA filed this lawsuit in November 2019, asserting eight claims challenging the Voter Transportation Law and Absentee Ballot Law.

The Voter Transportation Law (Mich. Comp. Laws § 168.931(1)(f)) says:

> A person shall not hire a motor vehicle or other conveyance or cause the same to be done, for conveying voters, other than voters physically unable to walk, to an election.

In relevant part, the Absentee Ballot Law (Mich. Comp. Laws § 168.759) says:

> A person shall not be in possession of a signed absent voter ballot application except for the applicant; a member of the applicant's immediate family; a person residing in the applicant's household; a person whose job normally includes the handling of mail, but only during the course of his or her employment; a registered elector requested by the applicant to return the application; or a clerk, assistant of the clerk, or other authorized election official. A registered elector who is requested by the applicant to

> return his or her absent voter ballot application shall sign
> the certificate on the absent voter ballot application.

Shortly after filing, Priorities USA amended its Complaint to add the other two plaintiffs. *See* ECF No. 17. In January 2020, Plaintiffs moved for a preliminary injunction. ECF No. 22. A few months later, this Court granted in part Defendant Nessel's motion under Fed. R. Civ. P. 12(b)(6) and dismissed Counts III and VII. ECF No. 59, PageID.962.

This left Plaintiffs with six claims:

- Count I asserts that the Absentee Ballot Law "is unconstitutionally vague and overbroad." Amended Complaint, ECF No. 17, PageID.112.

- Count II asserts that the Absentee Ballot Law "violates speech and associational rights protected by the First and Fourteenth Amendments." *Id.* at PageID.114.

- Count IV asserts that the Absentee Ballot Law is preempted by Section 208 of the Voting Rights Act, 52 U.S.C. § 10508. *Id.* at PageID.118.

- Count V asserts that the Voter Transportation Law is "unconstitutionally vague and overbroad." *Id.* at PageID.121.

- Count VI asserts that the Voter Transportation Law "violates speech and associational rights protected by the First and Fourteenth Amendments." *Id.* at PageID.122.

- Count VIII asserts that the Voter Transportation Law is pre-empted by 52 U.S.C. § 30143 of the Federal Election Campaign Act (FECA). *Id.* at PageID.125.

In September 2020, this Court granted in part and denied in part Plaintiffs' request for a preliminary injunction. It first held that Plaintiffs were not likely to succeed on any of their claims against the Absentee Ballot Law and, thus, declined

to enjoin it. *See Priorities USA*, 487 F. Supp. 3d at 612, 616, 620. The Court did enjoin the Voter Transportation Law, reasoning that Plaintiffs were likely to succeed only on their federal preemption claim. *Id.* at 625. The Court declined to stay its injunction. ECF No. 92. The Legislature appealed, and in October 2020, the Sixth Circuit granted the Legislature's motion to stay the preliminary injunction. *Priorities I*, 978 F.3d at 976. Just a few weeks ago, the Sixth Circuit reiterated its initial holdings in its ruling on the merits of the appeal, reversing the preliminary injunction and remanding the case. *Priorities II*, 2021 WL 3044270, at *1. Given the purely legal nature of the remaining claims, this case is ripe for decision.

## III.   LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) "generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6). *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

For a complaint to survive a Rule 12(c) motion, it must contain "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). This "requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In evaluating a motion for judgment on the pleadings, a court must focus only on the allegations in the pleadings. *Bates*, 958 F.3d at 483. Though this Court must accept as true "all well-pleaded material allegations of the pleadings," it "need not accept . . . legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007) (internal citations omitted).

## IV.   ARGUMENT

Plaintiffs' remaining claims must be dismissed under Rule 12(c). Plaintiffs no longer plan to pursue Count I's vagueness challenge to the Absentee Ballot Law, so it should be dismissed. *See* 26(f) Report, ECF No. 109 at PageID.1852-1853. Plaintiffs are dropping Count I because of this Court's preliminary injunction order, which held that the Absentee Ballot Law is "readily understood by a person of ordinary intelligence." *Priorities USA*, 487 F. Supp. 3d at 616. Because this Court similarly found the Voter Transportation Law to be "straightforward and unambiguous," Count V's vagueness challenge to the Voter Transportation Law should be dismissed as well. *Id.* at 621. Counts II and VI allege First Amendment challenges to each law. Because both laws further important regulatory interests while minimally burdening Plaintiffs' constitutional rights, each should be

dismissed. Count IV's preemption claim ought to be dismissed because it rests entirely on injuries suffered by third parties which Plaintiffs lack standing to assert. *See* Amended Complaint, ECF No. 17, PageID.118-121 (only injuries alleged are to unidentified voters with language barriers, disabilities, or who otherwise face difficulties with their absentee ballot); *Priorities USA v. Nessel*, 462 F. Supp. 3d 792, 808 (E.D. Mich. 2020) (finding that Plaintiffs cannot meet prudential standing requirements). Finally, Count VIII's preemption claim should be dismissed because, in light of the Sixth Circuit's July decision, Plaintiffs no longer plan to pursue it. *See Priorities II*, 2021 WL 3044270; 26(f) Report, ECF No. 109, PageID.1852.

### A. Counts I and V: Plaintiffs' overbreadth and vagueness challenges should be dismissed because a person of ordinary intelligence would readily understand both statutes at issue.

Plaintiffs decided to abandon Count I after reviewing the Sixth Circuit's opinions and "this Court's decision on Plaintiffs' motion for a preliminary injunction." Rule 26(f) Report, ECF No. 109, PageID.1852. There, this Court noted that the Sixth Circuit construed the Absentee Ballot Law's key language ("solicit") as making "the prohibited conduct or speech . . . readily understood by a person of ordinary intelligence." *Priorities USA*, 487 F. Supp. 3d at 616 (citing *Platt v. Board of Commissioners on Grievances & Discipline of Ohio Supreme Court,* 894 F.3d 235 (6th Cir. 2018)).

Crucially, this Court noted that just because a statute does not define a term

does not mean that term is ambiguous: "where a statutory term is undefined, courts give it its ordinary meaning" using, for example, a dictionary. *Id.* (citing *United States v. Wright*, 774 F.3d 1085, 1088 (6th Cir. 2014)). Given these holdings, the parties agree that Count I is no longer viable.

Although Plaintiffs refuse to admit it, Count V is nonviable for the same reasons. This Court's same preliminary injunction order held that the Voter Transportation Law is "relatively straightforward and unambiguous." *See Priorities USA*, 487 F. Supp. 3d at 621. As a matter of law, a "straightforward and unambiguous" statute provides "people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). Nor did the Sixth Circuit have a problem interpreting the Voting Transportation Law. It recognized that the statute was "clearly" a "prophylactic rule" intended to prevent "a kind of voter fraud known as 'vote-hauling.'" *See Priorities I*, 978 F.3d at 983. In short, both this Court and the Sixth Circuit found the Voter Transportation Law clear and intelligible

A glance at the Voter Transportation Law's language confirms its straightforwardness: "A person shall not hire a motor vehicle or other conveyance or cause the same to be done, for conveying voters, other than voters physically unable to walk, to an election." Mich. Comp. Laws § 168.931(1)(f). No word or phrase in that provision is ambiguous or confusing. Its meaning is plain: you can't

pay someone to take an ambulatory voter to the polls. It is not vague or overbroad.

Plaintiffs instead attempt to muddy the statute's clear message with a slew of hypotheticals. *See* Amended Complaint, ECF No. 17, PageID.121-122. But since Plaintiffs have mounted a facial challenge to the Voter Transportation Law, hypotheticals are not enough. "[I]n determining whether a law is facially invalid, we must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449–50 (2008); *see also United States v. Raines*, 362 U.S. 17, 22 (1960) ("The delicate power of pronouncing an Act of Congress unconstitutional is not to be exercised with reference to hypothetical cases thus imagined."). "[A] rule is not unconstitutionally vague because a plaintiff presents" a "clever hypothetical," and any "close questions" should be left for appropriate enforcement agencies to confront upon "a complete factual picture." *Platt*, 894 F.3d at 251.

Instead, a facial challenge requires Plaintiffs to "'establish that no set of circumstances exists under which the Act would be valid,' i.e., that the law is unconstitutional in all of its applications." *Washington State Grange*, 552 U.S. at 449 (internal citation omitted). A facial challenge like Plaintiffs' "must fail where the statute has a 'plainly legitimate sweep' and imposes '"only a limited burden on voters' rights.'" *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 202 (2008)

(internal citations omitted).

The Sixth Circuit has already recognized the "plainly legitimate" ends served by the Voter Transportation Law. It is "assuredly aimed at preventing a kind of voter fraud known as 'vote-hauling.'" *Priorities I*, 978 F.3d at 983. The prohibition is "a reasonable, nondiscriminatory restriction justified" by the state's legitimate and "important regulatory interest" in preventing fraud. *Priorities II*, 2021 WL 3044270, at *2. Plaintiffs' hypotheticals can't overcome this critical state interest and do not "qualify as a substantial burden on the right to vote" in the context of a facial challenge. *Crawford*, 553 U.S. at 198.

The Court should therefore award the Legislature judgment on the pleadings as to Counts I and V.

### B. Counts II and VI: Plaintiffs' First Amendment challenges fail because Plaintiffs do not allege a burden sufficient to overcome the state's important regulatory interest in preventing voter fraud.

Counts II and VI assert First and Fourteenth Amendment violations against the Absentee Voter and Voter Transportation laws, respectively. The Sixth Circuit articulated in detail the applicable standard for such claims:

> We "generally evaluate First Amendment challenges to state election regulations" using the *Anderson-Burdick* framework. *Schmitt v. LaRose*, 933 F.3d 628, 639 (6th Cir. 2019). Under that framework, "[l]aws imposing 'severe burdens on plaintiffs' rights' are subject to strict scrutiny, but 'lesser burdens ... trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions.' " *Ibid.* (quoting *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997)). Moreover,

"[b]ecause plaintiffs have advanced a broad attack on the constitutionality of [the statute], seeking relief that would invalidate the statute in all its applications, they bear a heavy burden of persuasion." *Ohio Democratic Party v. Husted*, 834 F.3d 620, 627 (6th Cir. 2016).

*Priorities II*, 2021 WL 3044270, at *2 n.3 (cleaned up). In other words, a court will strictly scrutinize severe restrictions while reasonable, nondiscriminatory restrictions need only be rationally based.[2]

---

[2] Plaintiffs may argue that because this Court's May 2020 order ruled that the exacting scrutiny standard applies to both statutes, *see Priorities USA v. Nessel*, 462 F. Supp. 3d 792 (E.D. Mich. 2020) ("MTD Order"), the Legislature cannot challenge that ruling under the Court's scheduling order, which limits Defendants' Rule 12(c) motions to "issues not already addressed and resolved" by the MTD Order. *See* ECF No. 110, PageID.1874. This Court's MTD Order, however, did not address the standard of review analysis in *Priorities II* because *Priorities II* was not issued until more than a year later. Furthermore, none of this Court's orders have addressed the recent, binding Sixth Circuit precedent that makes it clear that the Sixth Circuit applies *Anderson-Burdick* to virtually all constitutional challenges to state election laws, including specifically those based upon the First and Fourteenth Amendment. *See, e.g., Thompson v. DeWine*, 959 F.3d 804, 811 (6th Cir. 2020) (applying *Anderson-Burdick* balancing test to Ohio's requirements for collecting signatures for ballot initiatives, which burdened the plaintiffs' First Amendment rights); *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 390 (6th Cir. 2020) ("*Anderson-Burdick* … certainly governs [the plaintiffs'] claim that the signature verification procedure violates the fundamental right to vote."); *Hawkins v. DeWine*, 968 F.3d 603, 605 (6th Cir. 2020) (applying *Anderson-Burdick* to First Amendment election challenges); *Daunt v. Benson*, 999 F.3d 299, 314 (6th Cir. 2021) ("*Daunt II*") ("*Anderson-Burdick* applies to a wide array of claims touching on the election process, including First Amendment and Equal Protection claims'"). *Cf. Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2340 (2021) (for purposes of VRA, statute making it a crime for any person other than a postal worker, election office, or voter's caregiver, family member or household member to collect and deliver another's early mail-in ballot was a "facially neutral time, place, or manner voting rule."); *DSCC v. Simon*, 950 N.W.2d 280, 295 (Minn. 2020) (rejecting *Buckley-Meyer* in favor of *Anderson-Burdick* as constitutional test of validity of ballot collection restriction). The Legislature's arguments based upon this case's

Plaintiffs fail to meet their heavy burden for either law.

### 1. Count II: The Absentee Voter Law minimally burdens Plaintiffs' First Amendment rights and furthers compelling state interests.

The Absentee Voter Law does not severely burden Plaintiffs' First Amendment rights. "The hallmark of a severe burden is exclusion or virtual exclusion from the ballot." *Libertarian Party of Ky. v. Grimes*, 835 F.3d 570, 574 (6th Cir. 2016). Yet nowhere in Plaintiffs' Amended Complaint do they allege that the Absentee Voter Law has "excluded or virtually excluded" them from the ballot. This Court previously held that the law prevents Plaintiffs from engaging in "speech that would facilitate the collection and return of signed absentee ballot applications from Michigan voters." *Priorities USA*, 487 F. Supp. 3d at 614. Even so, Plaintiffs can still engage in other meaningful speech to the same end and can respond to any voter request to return an application. *Id.* at 614–15. For example, the law allows Plaintiffs to encourage people to use the absentee ballot process, to instruct people how to fill out these applications or ballots, and to instruct people how to properly submit ballots under the provisions. Further, voters can return their ballots in many other ways. *Id.* at 615. The law's restrictions therefore do not impose a  "severe burden," and rational basis review is proper here.

This Court has held that "whether the court applies exacting scrutiny or a

---

subsequent history and other subsequent authority have *not* been "already addressed and resolved" by the Court's MTD order.

rational basis standard of review, . . . the Absentee Ballot Law" survives. *Priorities USA*, 487 F. Supp. 3d at 612. This is because the Absentee Ballot Law has a "substantial relationship to a sufficiently important governmental interest," the strength of which reflects "the seriousness of the actual burden on First Amendment rights." *Id.* The state interest here is ensuring a secure election. *See Crawford*, 553 U.S. at 196 ("[T]here is no question about the legitimacy and importance of the State's interest in counting only the votes of eligible voters."); *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006) ("Confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy."); *accord John Doe No. 1 v. Reed*, 561 U.S. 186 (2010). This interest is "particularly strong" when the state prevents fraud. *Priorities USA*, 487 F. Supp. 3d at 613. "A State indisputably has a compelling interest in preserving the integrity of its election processes. Limiting the classes of persons who may handle early ballots to those less likely to have ulterior motives deters potential fraud and improves voter confidence." *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2347 (2021) (cleaned up).

Here, this Court has already accepted the Legislature's many cases from across the country "along with other supporting evidence" showing "that the absentee ballot process is susceptible to fraud." *Priorities USA*, 487 F. Supp. 3d at 613 (listing many appellate opinions and secondary sources). It has recognized the wealth of evidence highlighting the risk of fraud inherent to the absentee ballot

application and submission process. Indeed, courts agree that these processes are susceptible to many "potential abuses." *Id.* at 614 (citing *League of Women Voters of Fla. v. Browning*, 575 F. Supp. 2d 1298, 1300 (S.D. Fla. 2008)).

The Absentee Ballot Law is Michigan's only statute specifically protecting against "fraud or abuse in the application process on the front end." *Id.* It does this by encouraging accountability and increasing the chance that persons collecting application for absentee ballots are civic-minded, known to the state, and subject to Michigan's subpoena power. *See id.* (accepting this argument and saying the law is "designed to promote accountability on the part of those handling the applications and faith in the absentee voting system"). These are "well-recognized means" of preventing absentee ballot fraud. The Absentee Ballot Law, like the Voter Transportation Law, is a "prophylactic rule intended to prevent the potential for fraud where enforcement is otherwise difficult." *Priorities I*, 978 F.3d at 985; *cf. Brnovich*, 141 S. Ct. at 2348 (rejecting Voting Rights Act challenge to absentee ballot collection restriction: "Fraud is a real risk that accompanies mail-in voting even if Arizona had the good fortune to avoid it. Election fraud has had serious consequences in other States. . . . [T]the Arizona Legislature was not obligated to wait for something similar to happen closer to home.").

In sum, "the Absentee Ballot Law is constitutional." *See Priorities USA*, 487 F. Supp. 3d at 612. The Court should grant the Legislature judgment on the pleadings

14

as to Count II.

>    **2.  *Count VI: The Voter Transportation Law minimally burdens Plaintiffs' First Amendment rights and furthers compelling state interests.***

Plaintiffs claim that the Voter Transportation Law "burdens core political expression and acts as a ban on political expenditures." ECF No. 17, PageID.122. Originally, this Court partially agreed, holding that exacting scrutiny was the appropriate standard. *See Priorities USA*, 462 F. Supp. 3d at 812. It further held that Plaintiffs "stated a claim that the Voter Transportation Law is not substantially related to preventing *quid pro quo* corruption, or" the "undue influence" of voters. *Id.*

But the Sixth Circuit disagreed: "Although we did not specifically discuss the voter-advocacy organizations' First Amendment argument in our October order, we did not—and still do not—find it likely to succeed." *Priorities II*, 2021 WL 3044270, at *2 n.3 (cleaned up). After articulating the *Anderson-Burdick* framework, the Sixth Circuit explained:

> The appellees do not seem likely to shoulder th[eir] heavy burden. The [Voter Transportation Law] is likely not a severe burden on their rights because it does not appear to result in "exclusion or virtual exclusion" from the ballot. *Libertarian Party of Ky. v. Grimes*, 835 F.3d 570, 574 (6th Cir. 2016). The state's interest in preventing potential voter fraud is an important regulatory interest. *Crawford*, 553 U.S. at 196. And prohibiting paid vote-hauling is likely a reasonable, nondiscriminatory restriction justified by that interest. *See Ohio Democratic Party*, 834 F.3d at 631 (holding that Ohio's limitation of its early-voting period was at most "minimally burden-some on the right of some African-

American voters"); *Crawford*, 553 U.S. at 198–99 (holding that the "inconvenience of making a trip to the [Bureau of Motor Vehicles], gathering the required documents, and posing for a photograph surely does not ... even represent a significant increase over the usual burdens of voting," even though "a somewhat heavier burden may be placed on" the elderly, poor, or homeless). Compared to those examples, Michigan's law requiring get-out-the-vote organizers to get people to the polls other than by hired vehicle does not appear to pose an unconstitutional burden. "And even assuming that the burden may not be justified as to a few voters, that conclusion is by no means sufficient to" warrant invalidating the law altogether. *Crawford*, 553 U.S. at 199–200.

*Priorities II*, 2021 WL 3044270, at *2 n.3 (cleaned up). In short, the Voter Transportation Law's "minimally burdensome" nature, weighed against its clear intent and effect of discouraging vote-hauling, does not unconstitutionally burden Plaintiffs' First Amendment rights. *Id.*

The Sixth Circuit reached and articulated the correct constitutional standard of review because the Plaintiffs argued that the court could affirm this Court's injunction of the Voter Transportation Law on the alternative ground of their constitutional claims. *See Priorities USA, et al. v. Nessel*, Nos. 20-1931, Appellees' Brief, Doc. 44 at 65-66 (6th Cir. April 16, 2021). This makes the articulation a holding. And that it is an alternative holding doesn't matter—it is still the law of the case. *See Howe v. City of Akron*, 801 F.3d 718, 740 (6th Cir. 2015) (noting that in appeals of preliminary injunctions, the likelihood-of-success-on-the-merits holding and any alternative holding are considered the law of the case). For these reasons, the Court should grant the Legislature judgment as to Count VI.

16

### C. Counts IV and VIII: Plaintiffs' preemption claims fail.

#### 1. Count IV: Plaintiffs' Absentee Ballot Law preemption claim fails because the law doesn't conflict with any federal objective and the claim rests entirely on alleged injuries to unrelated third parties.

Count IV alleges that the Absentee Ballot Law "conflicts with and violates Section 208 of the Voting Rights Act." Amended Complaint, ECF No. 17, PageID.118. Section 208 says: "Any voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 52 U.S.C. § 10508. Plaintiffs claim the Absentee Ballot Law "unlawfully . . . prohibit[s] voters who need help returning their absentee ballot applications from receiving assistance from the person of their choice." *Id.* at PageID.119–20.

As this Court has held, Section 208's plain language contradicts Plaintiffs' position. In Section 208, Congress provided that "certain specified voters . . . may be given assistance by *a* person of the voter's choice . . . . Section 208 does not say that a voter is entitled to assistance from *the* person of his or her choice or *any* person of his or her choice." *Priorities USA*, 487 F. Supp. 3d at 619 (cleaned up) (emphasis in original). Because Congress "declined to use a definite article," the "language suggests that some state law limitations on the identity of persons who may assist voters is permissible." *Id*. This is consistent with the statute's legislative history,

which recognizes that Section 208's preemption scope was intended to be limited to those state laws that "unduly burden the right" to vote. *Id.* Therefore, Plaintiffs can only succeed on this claim if they assert an injury flowing from an "undue burden" imposed by the Absentee Ballot Law.

But Plaintiffs' preemption claim here does *not* rely upon alleged injuries to Plaintiffs as organizations—after all, these organizations cannot vote. Instead, the preemption claim rests upon alleged injuries to *unrelated third parties*: "low income voters, elderly voters, disabled voters, and voters for whom English is their second language." *Priorities USA*, 487 F. Supp. 3d at 619. This Court denied Plaintiffs' request for a preliminary injunction on this claim because, in part, Plaintiffs "offer no examples of instances in which such voters have been deprived of voting assistance." *Id.* at 620.

This holding is correct. Because Plaintiffs "cannot meet the Supreme Court's prudential standing requirements," they cannot "advance the legal rights of others." ECF No. 59, PageID.982. In *Fair Elections Ohio v. Husted*, the Sixth Circuit explained that "[a] party 'generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties.'" 770 F.3d 456, 461 (6th Cir. 2014). Like the plaintiff organizations in *Husted*, Plaintiffs rest Count IV exclusively on claimed injuries to "individuals not even presently identifiable." *Id.* And they fail to identify "any other basis for standing" to assert

18

Count IV. *Id.*; *see* Amended Complaint, ECF No. 17, Page ID.118–21 (preemption allegations relying exclusively on unidentified third-party injuries). *Accord DSCC v. Simon*, 950 N.W.2d 280, 290 (Minn. 2020) (evaluating ballot collection restriction preemption claim based on claimed injuries to voters with language impairments or disabilities, not ballot collectors). Importantly, given that this is a Rule 12(c) motion, the Court may consider only the Amended Complaint's allegations. But the only injuries alleged there are on behalf of third parties. Hypothetical injuries to unidentified third parties are simply not enough to establish standing. *See Swaab v. Calm.com*, No. 20-cv-11199, 2021 WL 228902, at *2 (E.D. Mich. Jan. 22, 2021). Further, Plaintiffs "cannot cure [a failure to state a claim] by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Id.* So any attempt to cure this deficiency using their response would be futile.

This Court already dismissed Counts III and VII because Plaintiffs can't get standing from unidentified and hypothetical third parties. For the same reason, the Court should award the Legislature judgment as to Count IV.

### 2. Count VIII: Plaintiffs are voluntarily dismissing their FECA Voter Transportation Law preemption claim.

Given the Sixth Circuit's opinions, Plaintiffs have decided that their FECA Voter Transportation Law preemption claim is no longer viable and, thus, Plaintiffs

are voluntarily dropping it. *See* Rule 26(f) Report, ECF No. 109, PageID.1852-1853.

Accordingly, the Court should dismiss Count VIII.

## V.    CONCLUSION

For all these reasons, the Court should grant the Legislature's motion and award it judgment on the pleadings.

Respectfully submitted,

BUSH SEYFERTH PLLC
*Attorneys for the Michigan Senate and the Michigan House of Representatives*

By:*/s/Roger P. Meyers*
Patrick G. Seyferth (P47475)
Roger P. Meyers (P73255)
Susan M. McKeever (P73533)
Jonathan Jones (P82516)
100 W. Big Beaver Rd., Ste. 400
Troy, MI 48084
(248) 822-7800
seyferth@bsplaw.com
meyers@bsplaw.com
mckeever@bsplaw.com
jones@bsplaw.com

Dated:  September 24, 2021

20